**DEPARTMENT OF MOTOR TRANSPOR-TATION, COMMONWEALTH OF KENTUCKY, Appellant,**

v.

**TRAILER CONVOYS, Inc., Appellee.**

Court of Appeals of Kentucky.

May 20, 1955.

George M. Catlett, Frankfort, for appellant.

Earl C. Frankenberger, Louisville, for appellee.

MOREMEN, Judge.

The controversy presented by this appeal involves the proper classification of the nature of appellee's transportation business.

Appellee contends that it is a "driveaway" under the Kentucky Motor Carrier Act and the appellant contends that it is a contract carrier under the same act. If appellee is correct in its contention, it will possess certain tax advantages; if appellant's contention is correct, the state will obtain additional revenue.

The issue as to whether appellee's business is a "driveaway" in nature will be resolved by the interpretation of KRS 281.010, the pertinent subsections of which read as follows:

"(10) The term 'motor vehicle' means any motor propelled vehicle used for the transportation of persons or property for hire on a public highway, including any such vehicle operated as a unit in combination with other vehicles, and including vehicles propelled by electric power obtained from overhead wires whether operating over rails or otherwise * * *.

"(26) The term 'driveaway' means the transporting and delivering of motor vehicles under their own power or by means of a full mount method, the saddle mount method, the tow bar method or any combination of them, over the highways of this state from any point of origin to any point of destination for hire."

The appellee, Trailer Convoys, Inc., is engaged for hire in the business of transporting by driveaway, truckaway, or towaway methods new van trailers, semitrailers and trailer chassis from the manufacturer of such units in Louisville, Ky., to dealers in various cities throughout the United States.

The Commonwealth contends that subsection (26) above quoted applies only to "motor vehicles" and insists that the vehicles transported do not fall within this

816

classification because they are not automotive, in that trailers, individually, have no means of self-propulsion.

■ When we apply the definition contained in subsection (10) above to the facts of the instant case, we are forced to the inference that a trailer is a vehicle. When it is in use on the highway it is a motor propelled vehicle. We do not construe the expression, "any motor propelled vehicle" to mean that the motor must be confined to the body of the vehicle but, if we had not reached this decision, certainly the expression, "including any such vehicle operated as a unit in combination with other vehicles," would compel us to conclude that the generic definition of subsection (10) includes such vessels of transportation as are involved here.

■ This conclusion is strengthened when we turn to subsection (26) to determine the inclusion of that subsection. It is apparent that the legislature, for some reason sufficient to it, believed that the delivery of these vehicles deserved some special ·classification and should be exempt from the provisions of the Motor Transportation Act which deals solely with the transportation of freight, commodities and passengers. It, therefore, exempted the maiden voyage of these instrumentalities. It is interesting to note that the term "driveaway" under the definition includes not only methods by which the vehicles are carried as if they are items of trade—however large or small—but also includes the initial voyage of motor vehicles under their own power from the point of origin to any point of destination for hire. So we conclude that the purpose of this section is to give all such vehicles a free ride on their first trip, subject, of course, to the obtention of the proper licenses for that type of use of the highway. If we reached any other decision, even the familiar turtle back carrier, which we see so often on the highway—used in transportation by saddle method—would not fall under the classification of a "driveaway" because it too is not propelled by a motor within its own structure, but is pulled, just as are the trailers.

We believe the circuit court was correct in its interpretation of these sections and the judgment is therefore affirmed.