DEPARTMENT OF REVENUE ex rel. William E. SCENT, Commissioner of Revenue, Commonwealth of Kentucky, Appellant,

v.

Smythe J. WILLIAMS, Appellee.

Court of Appeals of Kentucky.

Dec. 1, 1961.

William S. Riley, Frankfort, for appellant.

George M. Catlett, William M. Johnson, Frankfort, for appellee.

STEWART, Judge.

This is an appeal from the judgment of the Franklin Circuit Court, which declared KRS 186.035 unconstitutional, as violative of Section 59 of the Constitution of Kentucky and of Section 1 of the 14th Amendment to the Constitution of the United States.

Under KRS 418.020 the case was submitted on an agreed statement of facts for determination of the construction and validity of KRS 186.035. Appellee, Smythe J. Williams, purchased a used motor vehicle on March 28, 1961, which was licensed in Franklin County in the name of John Ross. The vehicle was assessed in the name of the latter on March 1, 1961. Appellee will receive no notice of said assessment; however, under KRS 186.035, he will, subsequent to December 31, 1961, be denied the right to register and license the vehicle unless he can prove the ad valorem taxes upon the vehicle have been paid.

KRS 186.035, passed by the 1960 Legislature, reads:

"(1) The county clerk shall not issue a registration receipt for any motor vehicle for any year under the provisions of KRS 186.020 to 186.260 until the owner has presented to the clerk proof of the following:

"(a) Payment of all ad valorem taxes based on the assessment of the motor vehicle as of March 1 of the year preceding the year for which the vehicle is to be licensed; or

"(b) The motor vehicle was not subject to assessment for ad valorem tax

on March 1 of the year preceding the year for which the vehicle is to be licensed.

"(2) The county clerk shall not issue a registration receipt or a transfer of registration for any motor vehicle upon which the state or any other taxing district has filed a notice of lien under the provisions of KRS 134.415 until the tax lien shall have been properly released." KRS 281.634, the complementary statute, reads:

"The Department of Motor Transportation shall not issue a certificate or permit with respect to any motor vehicles other than those required to be registered by the county clerk for any year until the owner has presented proof of the following:

"(1) Payment of ad valorem tax based on assessment of the motor vehicle as of March 1 of the year preceding the year for which the certificate or permit is to be issued; or

"(2) The motor vehicle was not subject to assessment for ad valorem tax on March 1 of the year preceding the year for which the certificate or permit is to be issued."

The trial court found KRS 186.035 was void and of no effect upon the grounds:

1. By reason of the reference to KRS 281.634, the complementary section to KRS 186.035, a class of motor vehicles including utility trailers, semi-trailers and for-hire wreckers would be excluded from the scope and purpose of KRS 186.035, and thereby escape taxation or otherwise derive undue and unequal advantage in violation of Section 59 of the Constitution of Kentucky and Section 1 of the 14th Amendment to the United States Constitution.

2. In operation and effect it would interfere with and impinge upon the general laws affecting the levy, assessment and collection of ad valorem taxes, thereby giving an indulgence to assessors and collectors of taxes in a manner prohibited by Section 59 of the Constitution of Kentucky, and thus constitute special legislation where general law has been or could be provided and made applicable.

█ The foregoing two statutes were enacted in an attempt to improve the collection of ad valorem taxes on motor vehicles. They are more properly categorized as revenue statutes than as licensing enactments involving the state's police power. Somewhat similar legislation (House Bill 346) was enacted in 1954 and declared unconstitutional by this Court in Schoo v. Rose, Ky., 270 S.W.2d 940, 942. The previous Act provided that before a resident could register his vehicle he had to submit evidence he had paid *all* personal property taxes due from him to all taxing districts. It was applicable only to vehicles required to be registered under KRS 186.020, that is, through the county clerks. There was no provision for motor vehicles licensed through the Department of Motor Transportation, which included carriers of more than nine persons for hire. The question on appeal was whether there was a reasonable basis for a distinction between carriers of a large number of persons and other classes of vehicles. This Court decided there was not, saying:

"From a revenue viewpoint, the only difference between the two groups is that the license tax is paid through different agencies. We do not think this single difference is sufficient to support a classification by which the Act is applicable to one class and inapplicable to the other. For this reason we think the Act is a special law where a general law might have been enacted and is in direct contravention of Section 59 of the Constitution."

Let us now consider KRS 186.035 as it pertains to vehicles required to be licensed by county clerks. This statute states in part no county clerk shall "issue a registration receipt" for any vehicle for any year "under the *provisions of KRS 186.020 to*

*186.260* until the owner has presented" proof that the ad valorem tax was paid on that vehicle for the preceding year. Manifestly, this enactment is a spur to taxpayers to pay their ad valorem taxes on motor vehicles promptly.

Turning now to KRS Chapter 186, of which KRS 186.035 is an integral part, it will readily be noted that trailers, semi-trailers and house-trailers are registered by the county clerk under the statutory provisions beginning with KRS 186.650, and particularly under KRS 186.655. These three types of carriers which are commonly used in transportation, although not self-propelled, have been defined as "motor vehicles", which term, under KRS 281.011(2), is stated to include any vehicle "operated as a unit in combination with other vehicles." See also Department of Motor Transportation v. Trailer Convoys, Ky., 279 S.W.2d 815.

Thus we have three classifications of motor vehicles which are specifically excluded from the operation of KRS 186.035; that is, we have a situation where the owners of a considerable segment of carriers need not exhibit a tax receipt before registering any of the types of vehicles listed under KRS 186.655. The result is that the omission of these carriers from the imposition placed by statute upon all other vehicles within the same class bestows upon the exempted carriers an undue privilege. It follows that KRS 186.035 is a special law where a general one might have been made applicable; and, for this reason, it is invalid because it violates the letter and spirit of paragraph 29 of Section 59 of the Constitution of Kentucky. It is clear this statute runs afoul of Schoo v. Rose, cited above.

The trial court determined that utility trailers, semi-trailers and for-hire wreckers were unaffected by KRS 186.035 upon the ground that they are not embraced within the terms and conditions of KRS 281.634, the complementary provision of law. The words "motor vehicle", as employed in the latter statute, are specifically defined by KRS 281.011(2) to mean a carrier "used for the transportation of persons or property for hire." Some of the members of this Court doubt the soundness of this ruling. However, since we are holding KRS 186.035 unconstitutional because it failed to embrace the three types of motor vehicles above mentioned, we deem it unnecessary to discuss this finding of the trial court.

In the light of our holding, it becomes unnecessary to discuss the second ground of the judgment.

Wherefore, the judgment is affirmed.