**DEPARTMENT OF REVENUE ex rel. Maurice P. CARPENTER, Commissioner of Revenue, Appellant,**

v.

**PULLMAN, INC. (TRAILMOBILE DIVISION), Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1977.

Rehearing Denied Jan. 13, 1978.

William S. Riley, Asst. Atty. Gen., William P. Sturm, Atty., Legal Staff, Dept. of Revenue, Frankford, for appellant.

William P. Curlin, Jr., Hazelrigg & Cox, Frankfort, for appellee.

Before HAYES, HOGGE and LESTER, JJ.

LESTER, Judge.

The Department of Revenue appeals from a reversal of a favorable ruling of the Board of Tax Appeals concerning the subjection of a semitrailer retailer to the sales tax.

Appellee is in the business of selling new and used (trade-ins) non-motorized trailers that are pulled by tractors for the transportation of goods and property both within and without the Commonwealth. Appellant made a deficiency assessment against Pullman based upon gross receipts from the sales of used semitrailers (those previously registered in Kentucky) to which timely protest was made but which was denied. The Board of Tax Appeals sustained the department's ruling and in so doing, stated "(t)he only question presented in this case is whether the used semitrailers in controversy were subject to sales tax when sold by Trailmobile." On appeal, the Franklin Circuit Court set forth in its memorandum opinion that the issue before it as "(w)hether the used semitrailers in question are 'motor vehicles' as set out in KRS 138.450(2) and are thus exempt from sales tax?" Since appellant's deficiency assessment was based upon gross receipts emanating from sales and since the board and court below specified the particular issue, then we will not address other arguments made and replied to such as the use tax, dealer registration and discriminatory practices.

The circuit court acting within its appellate jurisdiction, without the intervention of a jury, rendered findings of fact, conclusions of law and entered its judgment. This being the case, then we are limited to a determination of whether those findings are clearly erroneous. CR 52.01. The trial judge found that semitrailers were motor vehicles within KRS 138.450(2) pursuant to *Department of Motor Transportation v. Trailer Convoys, Inc.*, Ky., 279 S.W.2d 815 (1955) and *Department of Revenue v. Williams*, Ky., 351 S.W.2d 875 (1961). The statutes of this jurisdiction provide a myriad of definitions of motor vehicles and we cite but a few which confound the researcher such as KRS 138.450(2); KRS 186.010(4); 186.010(7)(a) and (b); KRS 187.290(4); KRS 189.010(12) and KRS 281.011(2). As to semitrailers, see KRS 186.650(2) and truck tractors, see KRS 189.010(6). To the foregoing, we add regulation SU–32–1 of the Department of Revenue to the effect that motor vehicle includes trailers and semitrailers as defined in KRS 189.010(5), (10).

Appellee urges that KRS 138.450(2) alone governs this case when it states:

"[M]otor vehicle" means any vehicle that is propelled by other than muscular pow-

er and that is used for transportation of persons or property over public highways of the state . . .

The foregoing definition is found in Title XI of the statutes, namely, the revenue and taxation measures and more specifically under "Motor Vehicle Usage". The law was re-enacted in 1976 but the definition remained unchanged. Appellant argues that we should construe KRS 186.695(1) (which exempts semitrailers from the motor usage tax) together with KRS 138.450(2) and reach the conclusion that the sales of these vehicles are includable in gross receipts and therefore, not exempted from the sales tax (see KRS 139.050(3)(f)). We disagree.

We are aware of the role of the courts that we should interpret conflicting statutes so as to make a harmonious construction but we note that KRS 186.695(1) is a motor vehicle regulation statute under Title XVI and not a tax law. Appellant cannot escape its own regulation, SU–32–1, which construes motor vehicle as including semitrailers as defined in KRS 189.-010(5)(10). What the department fails to point out is that subsection six (6) of that statute, after delimiting "truck tractor" states

[T]he semitrailer and the truck tractor shall be considered as one (1) unit.

The last mentioned statute was re-enacted in 1974 and the definition remained unchanged.

It is evident that the legislature intended that semitrailers be considered as motor vehicles since they are treated as one unit with the drawing or propelling agency. In this respect, we invite attention to KRS 187.290(4) effective June 16, 1966 (financial responsibility law) and KRS 281.011(2) effective June 18, 1970 (motor carriers).

Appellant has conveniently avoided any mention in its briefs of the *Trailer Convoys, supra,* and *Williams, supra,* cases in which the Court of Appeals reasoned in order to be classified a motor vehicle that it was not necessary that the propelling power be contained in the unit. We believe those opinions to be controlling in this litigation.

The underlying theme of the position of the Department of Revenue seems to be that a devastating situation has been created whereby some item offered for sale in this Commonwealth might not be subject to a tax of one sort or another. Although the problem is unique, we do not consider it mandatory that everything in this jurisdiction be taxable.

For the reasons set forth therein, the judgment of the Franklin Circuit Court is affirmed.

All concur.