## SCHOO v. ROSE.

Court of Appeals of Kentucky.

Aug. 9, 1954.

William A. Young, Hazelrigg & Cox, Richard L. Latimer, Frankfort, for appellant.

J. D. Buckman, Jr., Atty. Gen., Squire N. Williams, Jr., Asst. Atty. Gen., for appellee.

DUNCAN, Justice.

The appeal is from a judgment declaring the validity of House Bill 346, enacted at the 1954 regular session of the General Assembly, which now appears as Sections 186.275 through 186.285, Kentucky Revised Statutes. In substance the Act provides that before a resident of this State may be issued a vehicle registration receipt or plate he must submit evidence to the County Court Clerk that he has paid his personal property taxes due the State and other taxing districts within the County of his residence for the year next preceding his application for such registration. Omitted from the coverage of the Act are all carriers of persons for hire operating vehicles designed to carry more than nine persons including the operator.

Appellant asserts that the Act is special legislation within the meaning of Section 59 of our State Constitution, while appellee insists that the legislation involves a valid exercise by the State of its police power in regulating the use of its highways by motor vehicles.

Section 59 of the Constitution provides that the General Assembly shall not pass local or special Acts concerning any of the 28 subjects which are specifically named. After the enumeration of these subjects, the concluding paragraph of the Section contains the all inclusive provision that:

"In all other cases where a general law can be made applicable, no special law shall be enacted."

It is generally established in this and other jurisdictions to which our investigation has extended that in order for a law to be general in its constitutional sense it must meet the following requirements: (1) It must apply equally to all in a class, and (2) there must be distinctive and natural reasons inducing and supporting the classification. Safety Bldg. & Loan Co. v. Ecklar, 106 Ky. 115, 50 S.W. 50; Droege v. McInerney, 120 Ky. 796, 87 S.W. 1085, 27 Ky. Law Rep. 1137; Burrow v. Kapfhammer, 284 Ky. 753, 145 S.W.2d 1067; Terrace v. Thompson, 263 U.S. 197, 44 S.Ct. 15, 68 L. Ed. 255; Truax v. Corrigan, 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254, 27 A.L.R. 375.

The second requirement is as essential as the first. The Legislature can not take what may be termed a natural class of persons, split that class in two and then arbitrarily designate the dissevered factions of the original unit as two classes and thereupon enact different rules for the government of each. It is equally well established that the classification must be based upon some reasonable and substantial difference in kind, situation or circumstance which bears a proper relation to the purpose of the Statute. Ried v. Robertson, 304 Ky. 509, 200 S.W.2d 900, 12 Am.Jur. page 156, Section 482, Constitutional Law. In applying this test it is necessary to determine whether this Act should be regarded as a revenue measure or as an exercise of the State's inherent police power tending toward the accomplishment or promotion of the public health, safety, peace, good order or morals.

It is true as insisted by appellee that the Act does not levy a tax or set a rate. However, this is true of many admittedly revenue measures. In order to sustain a legislative enactment as an exercise of the police power it is necessary that the Act should have some reasonable relation to such objects as public safety, health, peace, good order or morals. Moreover, the law must tend toward the accomplishment or promotion of the enumerated objects in a degree that is perceptible and clear. Am. Jur. Vol. 11, page 1076, Section 303, Constitutional Law. We are unable to perceive wherein the obligations and duties imposed by this Act bear any reasonable relationship to the accomplishment of a valid regulatory function such as may be designated as an exercise of the State's police power. Making the right to operate an automobile upon the public highways of the State dependent upon whether a person has paid his personal property taxes upon property other than the vehicle to be licensed seems to us to have no relation to any of the subjects to which the police power extends. Rather it seems clear that the act is purely and simply a revenue

measure, adjunctive to enforcing the collection of taxes on personal property. Viewed in that light we examine the reasonableness of the classification by which the Act is made applicable to one class of owners while omitting another.

■ Omission of carriers of persons operating vehicles carrying more than nine persons from the coverage of the act is defended upon the ground that such carriers are not required to be registered with and licensed by Clerks of the County Court but are dealt with by Chapter 281, Kentucky Revised Statutes which requires the payment of a tax based upon seating capacity and mileage traveled. Clearly, the licensing of motor vehicles, the promulgation of safety rules, tariff and schedules for carrier of persons for hire are all closely related matters which fall within the supervisory province of the legislature in the exercise of its police power and a classification drawn along these lines and for such purposes, would be recognized as valid. But as we have indicated we are not dealing here with the extent or scope of the State's police power. Since we are considering what we conceive to be a revenue measure, we must determine whether or not tax wise there is any reasonable basis for the distinction between large carriers of persons and other classes of vehicles.

■ Although one group is licensed by the County Court Clerk and the other by the Department of Motor Transportation, each group is required to pay a license tax as a condition to their right to operate vehicles upon the public highways. Both are required to pay taxes upon other personal property and their property is subject to distraint and sale for nonpayment. Both

may be required to assess omitted property and are liable to penalties and interest for failure to pay taxes or assess their property. From a revenue standpoint, the only difference between the two groups is that the license tax is paid through different agencies. We do not think this single difference is sufficient to support a classification by which the Act is applicable to one class and inapplicable to the other. For this reason we think the Act is a special law where a general law might have been enacted and is in direct contravention of Section 59 of the Constitution.

■ Appellee insists that the operation of a motor vehicle upon the public highways is not a right, but a privilege which may be conferred or denied at the will of the Legislature. It is true that in the exercise of its police power the Legislature has the power to regulate the operation of motor vehicles upon the highways of the State and even deny the right to the use of the highways under certain conditions. However, the conditions and regulations which are imposed must be general and uniform in their application.

Appellee relies upon the case of State ex rel. Taylor v. Mirabal, 33 N.Mex. 553, 273 P. 928, 62 A.L.R. 296 in support of the contention that the Act is constitutional. There a New Mexico Act which required payment of ad valorem tax upon a vehicle before it could be licensed was held constitutional. That Act did not relate to other personal property of the applicant and applied to the owners of all motor vehicles alike. The case is clearly not in point.

For the reason indicated the judgment is reversed with directions to enter one declaring the Act unconstitutional.