**Colonel C. J. HYDE et al., Appellants,**

v.

**Celestine HAUNOST et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 26, 1975.

Oldham Clarke and Nelson Helm, Jr., Stites, McElwain & Fowler, Louisville, for appellants.

Frank E. Haddad, Jr., Harris J. Berman, Louisville, for appellees, Col. Carl E. Heustis, George R. Johnson, and George W. Kinser.

George H. Logan, Hardy, Logan & Hastings, Louisville, for appellee, majority of the Trustees of the Louisville Police Retirement Fund.

W. David Klingman, Frockt & Benovitz, P. S. C., Louisville, for amicus curiae.

CULLEN, Commissioner.

In the judgment here on appeal the circuit court held constitutional a 1970 ordinance of the City of Louisville which made a permanent, continuing increase of thirty-five percent in the pensions of "police officers" of the city who became pensioners prior to July 1, 1964, the increase to be financed by appropriations made from the *general funds* of the city rather than from the funds of the Policemen's Retirement Fund. There are three appellants, one being a policeman who retired after July 1, 1964, and the other two being policemen still in service. All three are members of the eight-member board of trustees of the Policemen's Retirement Fund, but the position they take in this case is not that of the majority of the board. The appellants maintain that the circuit court erred in not holding the 1970 ordinance unconstitutional

as discriminatory, their main argument being that there is no rational basis for an increase in benefits restricted to those who retired prior to July 1, 1964.

In his findings and conclusions the circuit judge found:

1. Under the policemen's pension ordinances of Louisville, benefits for retirements prior to July 1, 1964, were computed on a formula which placed a limit of $3,000 on the amount of salary to which the benefit ratio would be applied, whereas in computing benefits for those who retired after July 1, 1964, there was no such limit on the salary.

2. Prior to July 1, 1964, policemen were not permitted by law to hold outside jobs, and thus were unable to obtain Social Security coverage, which they did not have as policemen. Since July 1, 1964, however, policemen have been allowed to obtain outside employment and thus to get Social Security coverage.

3. Salaries of policemen in Louisville have increased to a large extent since July 1, 1964.

4. By reason of the differences in the formulae and in the salaries, the retirement benefits for a policeman who retired after July 1, 1964, are in many instances more than twice the benefits of a policeman who retired before July 1, 1964, with the same length of service.

5. The purpose of the 1970 ordinance was to correct obvious inequities between those who retired before July 1, 1964, and those who retired after that date.

This court agrees with the conclusion of the circuit judge that the foregoing facts fully justify the classification made by the 1970 ordinance, the applicable rule being that if a classification made by the legislature has a reasonable basis the law does not constitute special or local legislation within the prohibition of Section 59 of the Kentucky Constitution nor does it deny the equal protection guaranteed by the United States Constitution. See *Miller v. Nunnelley*, Ky., 468 S.W.2d 298.

In *Board of Trustees of Policemen's Pension Fund v. Schupp,* 223 Ky. 269, 3 S.W.2d 606, this court upheld a statute which increased the pension benefits of city policemen already on the pension rolls, the basis for the holding being that to make adjustments in pensions of public employes for increases in the cost of living was a valid public purpose. It would naturally follow, we think, that if the making of adjustments for increases in the cost of living is a valid purpose, classifications which are related to the time and extent of the increase have a reasonable basis. Classifications related to dates frequently have been upheld. See *Chapman v. Eastern Coal Corporation,* Ky., 519 S.W.2d 390; *Kentucky Board of Tax Appeals v. Citizens Fidelity Bank & Trust Company,* Ky., 525 S.W.2d 68.

The circuit court held that although the 1970 Louisville ordinance in terms applied only to "police officers," its obvious meaning was to include other beneficiaries, such as widows, who were receiving pension benefits attributable to a police officer's service. We agree with that holding, which answers the appellants' contention that the ordinance discriminates against the latter kinds of beneficiaries.

The circuit court further held that three policemen who had retired prior to July 1, 1964, and who intervened in the instant action seeking judgment upholding the validity of the 1970 ordinance, were entitled to prosecute that claim as a class action, representing all of the class of pre-1964 retirees. The appellants assert error in that holding, but they did not raise the point in the court below so we will not consider it here.

The judgment is affirmed.

All concur.