Robert KLING, Clerk of Campbell County, et al., Appellants,

v.

Ron GEARY, Individually and as Secretary of Revenue, et al., Appellees.

Supreme Court of Kentucky.

March 8, 1984.

Paul Vesper, Covington, for appellants.

Susan G. Leavenworth, Nathan Goldman, Legal Services Revenue Cabinet, Frankfort, Robert A. Becht, Deputy Gen. Counsel, Dept. for Transp., Frankfort, for appellees.

GANT, Justice.

In 1982, the General Assembly enacted House Bill 807, creating a new system for collecting the ad valorem tax on motor vehicles, a part of which system involves collection by the county clerks of this Commonwealth at the time of registration or renewal of registration of the vehicle. This action was brought by the Association of County Clerks and the Campbell County Clerk, contesting the constitutionality of the Act, the statutory codifications of which will be referred to as arguments of counsel are hereinafter considered. The Franklin Circuit Court upheld the constitutionality of the statutes, and this appeal follows by transfer to this Court.

### CONSTITUTIONAL SECTIONS

The appellants contend that two sections of the Constitution of Kentucky are violated by the legislation, viz., § 59(15) and § 171, which read:

§ 59. Local and special legislation.— The General Assembly shall not pass local or special acts concerning any of the

following subjects, or for any of the following purposes, namely:

\*　　\*　　\*　　\*　　\*　　\*

Fifteenth: To authorize or to regulate the levy, the assessment or the collection of taxes ...

§ 171. State tax to be levied—Taxes to be levied and collected for public purposes only and by general laws, and to be uniform within classes—Classification of property for taxation—Bonds exempt—Referendum on act classifying property.—The General Assembly shall provide by law an annual tax, which, with other resources, shall be sufficient to defray the estimated expenses of the Commonwealth for each fiscal year. Taxes shall be levied and collected for public purposes only and shall be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws.

The General Assembly shall have power to divide property into classes and to determine what class or classes of property shall be subject to local taxation. Bonds of the state and of counties, municipalities, taxing and school districts shall not be subject to taxation.

### STATUTORY CONSIDERATION

■ Appellants first contend that KRS 132.487(2), (3) are invalid for two separate and distinct reasons. Section (2) reads as follows:

(2) Except as otherwise provided by law, the tax rate levied by the state, counties, schools, cities, and special tax districts on motor vehicles shall not exceed the rate that could have been levied on motor vehicles by the district on the January 1, 1983 assessments. All counties, schools, cities, and special taxing districts proposing to levy an ad valorem tax on motor vehicles shall submit to the department on or before October 1 of the year preceding the assessment date, the tax rate to be levied against valuations as of that assessment date.

It is appellants' contention that the opening phrase, "Except as otherwise provided by law, ..." operates to include KRS 132.-023, KRS 132.027, KRS 68.245, and KRS 160.470 within the Motor Vehicle Act, rendering the entire Act unworkable. The four sections above referred to were codified from the former House Bill 44, known as the "rollback" legislation, and basically provide for a method of computing a maximum tax rate and a compensating tax rate. It should be recalled at this point that the "rollback" legislation was enacted to countermand the effect of inflation on real estate values and not its effect on property which depreciates, as motor vehicles do.

Appellees agree that, if the quoted phrase has the effect contended by the appellants—viz., to include motor vehicles in the codifications of House Bill 44—the act would be unenforceable, as the time periods during which current assessment valuations are made and tax rates are calculated simply would not conform to the system envisioned by the new legislation. Under the new method, motor vehicle taxes will be collected on the date of renewal of registration, which is determined by the birth month of the owner. Thus, unless motor vehicles are removed from the hearing and recall provisions of former H.B. 44 and from computation of the compensating tax rate and maximum tax rate thereunder, the entire structure of House Bill 807 must fall.

However, we need look no further than the ensuing section—KRS 132.487(3)—which states:

(3) The compensating tax rate and maximum possible tax rate allowable for counties, schools, cities, and special taxing districts on property other than motor vehicles for the 1984 and subsequent tax periods shall be calculated excluding all valuations of and tax revenues from motor vehicles from the base amounts used in arriving at these general rates.

We are not compelled in this instance to speculate on legislative intent, when the statute specifically excludes motor vehicles

from the compensating tax rate and maximum tax rate referred to in the previously listed sections of former H.B. 44. Indeed, the definition contained in KRS 132.010(6), which was already in existence when H.B. 807 was enacted, excluded personal property from the calculation; and, even if it did not, the legislature clearly had the power to remove it from the calculation.

It is our opinion that the language of KRS 132.487(3) clearly and unequivocally removes all valuations and tax revenues from motor vehicles from the base amount used in determining the compensating tax rate and maximum possible tax rate envisioned under the provisions of KRS 68.245, KRS 132.023, KRS 132.027, and KRS 160.-470.

■ Appellants next contend that, in the event this Court holds that KRS 132.487(3) does exclude motor vehicles from the compensating tax rate and the maximum tax rate, the Act itself becomes special legislation in contravention of Ky.Const. § 59(15). We do not agree. As this Court stated in *Kentucky Milk Mktg. & Anti-Mon. Com'n. v. Borden Co.*, Ky., 456 S.W.2d 831, 835 (1969), "... The fact that a legislative act deals with a special subject does not make it special legislation." Where the legislation establishes a classification made upon a reasonable and natural distinction which relates logically to the purpose of the Act, there is no violation of Ky.Const. § 59. *Cf. Ratliff v. Hill*, 293 Ky. 36, 38, 168 S.W.2d 336 (1943).

■ All parties to this action agree that the standard to which all legislation must conform to avoid unconstitutionality is set out in *Schoo v. Rose*, Ky., 270 S.W.2d 940 (1954). The two requirements are that the legislation must (1) apply equally to all in a class, and (2) there must be distinctive and natural reasons inducing and supporting the classification.

■ In passing, we will distinguish *Schoo* from the instant case. In *Schoo*, the court held that the General Assembly cannot enact legislation for a natural class and then arbitrarily divide that class in halves and treat those halves differently. This Act applies equally to all vehicles which are to be operated on the highways of this State.

When we apply the standards to motor vehicles and relate vehicles to the requirement of distinctive and natural reasons inducing and supporting the classification, it is apparent that vehicles do conform to the definition because of their mobility, rapid depreciation and frequency of transfer. Additionally, they stand virtually alone in licensing requirements. Thus, we uphold the classification of motor vehicles.

The next contention of the appellants concerns the relationship between KRS 132.487(2) and (6) with that portion of the Ky. Const. § 171, which requires that annual taxes "shall be sufficient to defray the expenses of the Commonwealth for each fiscal year." In order to connect these two statutes to the Constitution, appellants assert that KRS 133.185 is a "codification" of Ky. Const. § 171, and then asserts that, inasmuch as KRS 132.487(2) and KRS 132.-487(6), conflict with KRS 133.185, the former are unconstitutional. In order to follow this devious path, we must look at the three statutes, which follow:

133.185. Tax rate not to be fixed until assessment is certified under KRS 133.-180.—No tax rate for any taxing district imposing a levy upon the county assessment shall be determined before the assessment is certified by the department of revenue to the county clerk as provided in KRS 133.180.

132.487(2) (Previously quoted.)

132.487.(6) The property valuation administrator shall provide to the department by December 1 of each year a recapitulation of motor vehicles to be assessed as of January 1 of the next year.

■ We are totally unable to agree with appellants that KRS 133.185, which relates to the imposition of a tax rate for a taxing *district*, such as a *city, county* or *school*, has any relationship to a constitutional provision that the General Assembly shall provide an annual tax sufficient to defray the estimated expenses of the *Commonwealth*.

The *state* tax rate on all personal property, including motor vehicles, is not fixed by the processes outlined in KRS 133.185, KRS 132.478(2), or KRS 132.478(6), above, which provide for submission of a proposal, recapitulation of motor vehicles by the PVA, and certification by the Department of Revenue. The state tax rate is fixed by the General Assembly and is currently embodied in KRS 132.020. We find no conflict between KRS 132.487(2) and KRS 132.-487(6) with a constitutional provision that the taxes shall be sufficient to defray the expenses of the state.

■ Our answer is the same to the appellants' argument concerning Ky. Const. § 59(15), as it relates to these two sections. Once it is determined that motor vehicles are a separate, distinct and reasonable classification, the mere fact that the dates of assessment and collection vary from real property or other personalty does not offend the provisions of that constitutional section. All motor vehicles, under these statutes, are assessed in the identical manner and the taxes collected from the owner when registered for use upon the highway.

■ The next assignment of unconstitutionality is based upon KRS 134.810(4), which reads:

When a motor vehicle has been transferred before registration renewal or before taxes due have been paid, the purchaser shall become liable for the taxes on said vehicle.

First, appellants argue that when this statute is read in conjunction with KRS 186A.120(3)(b), KRS 186A.220 and KRS 186A.230, it is unconstitutional in its application, as automobile dealers are exempt from paying the tax, making this special legislation under Ky. Const. § 59(15) and not uniform under Ky. Const. § 171. The three statutes cited above from KRS Chapter 186A do, in fact, exempt dealers who hold vehicles for resale from payment of the tax. However, this is not a "halving" of a classification, as prohibited by *Schoo v. Rose, supra,* but is only a method of fixing the time and the person responsible for payment of the ad valorem tax on all

motor vehicles—to-wit, the purchaser of the vehicle at the time the vehicle is registered for use upon the highway. It is payable by all persons, including an individual or a dealer, who intend to operate the vehicle on the highways of this state [KRS 186A.070; KRS 186A.120(3)(b) ]. If the vehicle is one which is purchased by the dealer for use, and not for resale, he is required, just as the individual is, to register that vehicle, under KRS 186A.065 and KRS 186A.070, and pay the ad valorem tax when registered or upon renewal.

An examination of the minor differences between individuals and dealers is in order at this point. If an individual sells his own used car, the seller and buyer are required to apply for a new certificate of title within 15 days. If a dealer acquires a used car, in trade or otherwise, for resale, he must obtain a certificate of assignment within 15 days. In the latter case, a certificate of title is issued to the ultimate purchaser when the title is assigned to him by the dealer. The dealer is a mere conduit in the chain, under these statutes. Neither of these procedures relates to registration of the vehicle, the latter being the time at which the ad valorem is paid; and thus the difference, in addition to being minor, does not relate to taxation and thus does not involve Ky. Const. § 59(15) (and Ky. Const. 171).

The purchaser, whether from a dealer or an individual, is treated in exactly the same manner in both instances. If the registration of the vehicle is not due to be renewed, the purchaser does not pay any ad valorem tax until the renewal date, at which time the vehicle is licensed for use upon the highway. If the renewal date, and thus the date for payment of taxes, has passed, the taxes are due to be paid by the purchaser at the date of transfer if he intends to use the vehicle upon the highway; and this is true whether he purchases the vehicle from an individual or a dealer. The purchaser will be advised at the time of transfer concerning all liens, including tax liens, before title is transferred and the purchase thus concluded. The purchaser

can consummate the transaction accordingly. This equality negates any contention of special legislation or unequal treatment.

■ Appellants would have us declare this to be special legislation for failure to provide for a 2% discount which is granted to real property and other personal property under KRS 134.020. This latter statute, we would point out, provides for a system of tax collection which shall apply unless "otherwise provided by law." Appellants admit that Ky. Const. § 59(15) does not prohibit legislation on special subjects, but mandates uniformity within the general area. We have already held that motor vehicles are a classification based upon distinctive and natural reasons, and under this Act no motor vehicles are subjected to a discount within the classification. Payment of the ad valorem tax on all vehicles is required to be "on or before the last day of the month in which registration is required," [KRS 134.810(1)]. The mere fact that all taxes are not paid in a short period of time, as envisioned in KRS 134.020, et seq., does not render the legislation unconstitutional.

■ Additionally, the fact that these taxes are collected by the county clerk rather than the sheriff does not render this legislation unconstitutional. As long as the taxes are uniform, within a valid classification, it is not a "local or special" act.

Finally, appellants contend that KRS 134.810(4), previously quoted, which requires that the purchaser shall become liable for the taxes on the vehicle, violates the due process and equal protection clause of the Fourteenth Amendment of the United States Constitution. It should be remembered, however, that these taxes are paid only if the purchaser desires to register the motor vehicle for use upon the highway. The situation was already in existence by virtue of two identical statutes—KRS 186.-183 and KRS 186.232—which both provide, for some reason:

> The county clerk shall not transfer the registration of any motor vehicle or trailer against which a tax lien has been filed

until the taxes have been paid and the lien has been released.

■ Additionally, Kentucky has long recognized that, when property subject to a lien for taxes is transferred, the transferee must pay those taxes. *Bank of Kentucky v. Commonwealth*, 29 Ky.Law Rep. 643, 94 S.W. 620 (1906). There is basically no differential between tax liens and any other lien, such as security agreements and mortgages, in this respect. The statute, however, does not affect the relationship between the purchaser and the seller. The tax lien, by these statutes, is a matter of public record and obviously subject to negotiation between the parties at the time of sale, transfer of title and registration. The purchaser is free to accept or reject, and is additionally protected under KRS 134.148(4), (5) if he is a bona fide purchaser with no notice of lien having been filed.

Also, we do not find objectionable the exclusion of dealers of motor vehicles from payment of these tax liens. As we have previously indicated, the dealer is a mere conduit by and through which title is passed from one owner to another. No one—dealer or individual—is required to obtain a certificate of registration "until such time as the motor vehicle is to be operated upon the highways of this state." KRS 186A.070. If the vehicle is to be operated on those highways, then everyone—dealer or individual—is required to obtain the certificate of registration, as a necessary part of which all liens must be paid. We find no violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States.

The Constitution of Kentucky, pursuant to § 171, empowers the General Assembly to divide property into classes and to determine what class or classes shall be subject to local taxation. § 171 further mandates uniformity upon all property of the same class. It is our opinion that the legislation here challenged meets all constitutional requirements.

The judgment of the circuit court is affirmed.

All concur except AKER, J., who did not sit.