**UNION TRUST, INCORPORATED, Appellant,**

v.

**Herman R. BROWN, Jr., Appellee.**

**UNION TRUST, INCORPORATED, Appellant,**

v.

**Steven W. HALL and Pamela Hall, Appellees.**

**UNION TRUST, INCORPORATED, Appellant,**

v.

**Roderick L. MULLEN, Appellee.**

**Nos. 86–CA–1976–MR, 86–CA–1977–MR, 87–CA–467–MR.**

Court of Appeals of Kentucky.

Sept. 9, 1988.

Michael R. Gosnell, Louisville, for appellant.

Bernard G. Watts, Louisville, for appellee, Pamela Hall.

Before COMBS, COOPER * and WILHOIT, JJ.

COMBS, Judge.

These three consolidated appeals from the Jefferson Circuit Court present almost identical facts;

Appellant, Union Trust, Incorporated, filed three separate lawsuits against the appellees, Herman R. Brown, Jr.; Steven W. and Pamela Hall; and Roderick L. Mullen. The suits were filed in order to collect on past due promissory notes.

Appellant in each case sought judgment for the balance of the principal plus interest at the rate appearing on the notes. The interest rates on the notes of Brown, the Halls and Mullen were 23.9%, 21.9%, and 19.9% per annum, respectively.

Three default judgments were entered in favor of the appellant, but in each case the trial court reduced the interest rates on the judgments from the higher rates on the notes to 12% per annum. This is the only portion of the judgments that is appealed.

The law we are asked to construe, KRS 360.040, states:

A judgment shall bear twelve percent (12%) interest compounded annually from its date. A judgment may be for the principal and accrued interest; but if rendered for accruing interest on a written obligation, it shall bear interest in accordance with the instrument reporting such accruals, whether higher or lower than twelve percent (12%). Provided, that when a claim for unliquidated damages is reduced to judgment, such judgment may bear less interest than twelve percent (12%) if the court rendering such judgment, after a hearing on that question, is satisfied that the rate of interest should be less than twelve percent (12%). All interested parties must have due notice of said hearing.

■ Appellant argues that the statute and the note, when properly construed, allows for the type of interest recovery it sought at trial; that is, the note's rate of interest through maturity and beyond if not paid by that time. We reluctantly agree with appellant and reverse the trial court's judgment as to the computation of interest.

The only apparent rationale of the trial court for ignoring the plain wording of the statute is that it violates Section 59, Paragraph 21, of Kentucky's Constitution, which prohibits special legislation relating to regulation of the rate of interest.[1]

■ A statute must meet two requirements in order to avoid unconstitutionality under Section 59. The statute in question must apply equally to all in a class, and there must be distinctive and natural reasons inducing and supporting the classification. *Schoo v. Rose*, Ky., 270 S.W.2d 940 (1954). KRS 360.040 passes the two-pronged test of *Schoo.*

Firstly, the portion of the statute in question applies equally to all persons who entered into written obligations containing interest accrual rates. Secondly, and ironically, the reasons that support excepting these interest rates from the general 12% per annum rate are constitutional reasons.

The United States Constitution, Article I, Section 10, Clause 1, prohibits the states from enacting any laws impairing the obligation of contracts. The Kentucky Constitution, at Section 19 of its Bill of Rights, likewise prohibits our legislature from enacting any law impairing the obligation of contracts. Section 26 of Kentucky's Constitution describes its Bill of Rights as "inviolate," and excepts everything contained in it from the general powers of government. Contrary to the trial court's opinion, the language of KRS 360.040, here under attack as unconstitutional, is precisely

---

* This opinion was prepared and concurred in prior to Judge Kenton Cooper's death on September 3, 1988.

1. 1. The General Assembly shall not pass local or special acts concerning any of the following purposes, namely:

....

21. To regulate the rate of interest.

what saves the statute from that very assault.

■ The first sentence of the statute dictates that the general rate of interest on a judgment is to be 12% per annum. The first clause of the second sentence allows suit to be brought for principal and already accrued interest. For example, a suit to reduce back due child support to a judgment may be brought for the amount of child support owed, plus interest on that amount computed at 12% per annum from the date the amount became due. The second clause of the second sentence removes suits brought to recover monies owed upon written obligations containing their own interest rates. They are contracts. The stated rates of interest within them are obligations of the contracts. It is therefore constitutionally beyond the general power of government to mandate a particular rate of interest for them or for judgments derived from them.

We cannot accede to appellant's request that the statute be construed to grant a creditor the option of suing upon a written obligation for principal and interest with the interest to accrue at 12% per annum, or to recover interest at the rate stated in the instrument, whether higher or lower than 12% per annum. Constitutional provisions are preserved only when preserved absolutely. When the written obligation's rate of interest is lower than 12% per annum, the creditor must live with that.

Each of the judgments included the principal due, interest accrued to date, plus interest accruing until varying dates in 1989. This seems egregious to us and particularly egregious when interest is continued at the same rate until paid. This is a double recovery, but the General Assembly has seen fit to permit it. If the inequities are to be corrected, that is the only body of government with the power to do so.

The judgments of the Jefferson Circuit Court are hereby reversed, and these causes remanded with directions to enter judgments for the appellant with interest thereon at the rates appearing in the notes.

COOPER, Judge, concurs.

WILHOIT, Judge, concurs in result.