**Roberta L. WAGGONER, Appellant,**

v.

**William E. WAGGONER, Appellee.**

**No. 91–SC–440–DG.**

Supreme Court of Kentucky.

Dec. 17, 1992.

Rehearing Denied March 18, 1993.

Jennifer B. Coffman, Ron L. Walker, Lexington, for appellant.

Robert W. Miller, Grayson, for appellee.

STEPHENS, Chief Justice.

This appeal asks our Court: (1) to determine the constitutionality of KRS 161.-700(2), a provision that exempts contributions to the Teachers' Retirement System (hereinafter "TRS") from division as marital property under KRS 403.190(4) and (2) to determine whether the challenged provi-

sion may be applied to TRS contributions made prior to the statute's effective date.

KRS 161.700(2), provides that:

Retirement allowance, disability allowance, accumulated contributions, or any other benefit under the retirement system shall not be classified as marital property pursuant to KRS 403.190(1). Retirement allowance, disability allowance, accumulated contributions, or any other benefit under the retirement system shall not be considered as an economic circumstance during the division of marital property in an action for dissolution of marriage pursuant to KRS 403.-190(1)(d).

Appellant, Roberta L. Waggoner, a teacher in the Carter County Public Schools for thirty-six years, mandatorily contributed to the TRS toward her retirement. She filed for dissolution of marriage on October 25, 1988. In preparing to divide marital property, appellee, William E. Waggoner, thereupon filed a notice of deposition and served a subpoena on an employee of the TRS. Appellant, in response, filed a motion to prohibit the taking of the deposition. Appellant asserted that KRS 161.700(2) excluded contributions to TRS from consideration as an "economic circumstance" in the classification of marital property pursuant to KRS 403.190. Appellant claimed facts surrounding her TRS contributions were inadmissible under CR 26.01, since information sought in deposition or through any other discovery process could not produce admissible evidence. Appellee then filed a motion to compel discovery by court order. The trial court overruled appellee's motion.

Appellee, in January of 1989, filed a motion asserting that KRS 161.700(2) was unconstitutional, or in the alternative, that if the challenged statute was declared valid, he had a vested right in the portion of the TRS contributions made before July 1, 1980, the effective date of KRS 161.700(2). The Attorney General, while properly notified of appellee's constitutional challenge of the statute, failed to intervene.

The trial court overruled appellee's motion and found that KRS 161.700 was not violative of the Fourteenth Amendment of the United States Constitution, nor did the court find it violative of Sections 1, 2, 3, and 59 of the Kentucky Constitution. The trial court found that TRS contributions were nonmarital property, were privileged information, and therefore were not subject to discovery.

Dissolution of the Waggoner marriage was entered on June 5, 1989. Following this entry, appellee filed a motion to alter, vacate, or amend the dissolution decree. The motion was overruled. Appellee then sought review before the Court of Appeals. The Court of Appeals held that KRS 161.-700(2) was unconstitutional and unenforceable because it denied equal protection of the law. The Court also found the statute to be a prohibited special law under Section 59 of the Kentucky Constitution. The Court of Appeals reversed the judgment of the circuit court and directed the trial court to allow discovery of appellant's contributions to TRS and to appropriately divide the benefits.

We reverse the Court of Appeals opinion and affirm the decision of the trial court which found that the challenged provision is neither a prohibited special law under Section 59 of the Kentucky Constitution, nor is it violative of appellee's rights under equal protection. We find no invalid retrospective application of the challenged provision to contributions made before the statute's effective date.

### SECTION 59 OF THE KENTUCKY CONSTITUTION

Section 59 of the Kentucky Constitution prohibits the General Assembly from passing local or special Acts concerning any of the twenty-eight (28) subjects which are specifically enumerated. Section 59 further provides that "[i]n all other cases where a general law can be made applicable, no special law shall be enacted."

A general law relates to persons or things *as a class*, while a special law relates to particular persons or things *of a class*. *Johnson v. Commonwealth*, 291 Ky. 829, 165 S.W.2d 820 (1942).

The fact that the General Assembly deals with a special subject does not

*per se* make it special legislation. *Kentucky Milk Mktg. & Anti–Mon. Com'n v. Borden, Co.*, Ky., 456 S.W.2d 831 (1970). Classifications based upon reasonable and natural distinctions that relate logically to the purpose of the Act do not violate Section 59 of the Kentucky Constitution. *Kling v. Geary*, Ky., 667 S.W.2d 379 (1984).

■ Legislation, in order to pass constitutional muster under Section 59, must meet the requirements set forth in *Schoo v. Rose*, Ky., 270 S.W.2d 940 (1954). *Schoo* requires that the legislation (1) apply equally to all in a class and (2) have distinctive and natural reasons inducing and supporting the classification. *Schoo* at 941.

■ Appellant asserts that KRS 161.-700(2) is not a special law because it meets both prongs of the test found in *Schoo*. The class created by the statute, appellant argues, includes all the teachers within the Commonwealth and their spouses. Since KRS 161.700(2) applies to every member in this class equally, appellant reasons the first prong of the *Schoo* test is satisfied.

The second prong of the test is also satisfied, appellant claims, because the General Assembly had a distinct and reasonable basis for enacting KRS 161.700(2). Reasons appellant postures for the enactment of the statute are: 1) that the TRS was created to mirror the Social Security system plan since teachers are the only state employees not covered by Social Security; 2) that the TRS plan provides an incentive for teachers to remain in the field and to attract new instructors because it assures adequate compensation; and 3) that the TRS removes from society the total responsibility of providing financial assistance to retired teachers.

The Court of Appeals found appellant's definition of the class of persons that KRS 161.700(2) covers as being to narrow. The Court agreed with appellee's assertion that the classification included all married persons with retirement benefits who are seeking a divorce. Appellee asserts that because the challenged statute took a natural class of persons, divided them arbitrarily and enacted different rules to govern each faction, KRS 161.700(2) is prohibited special legislation.

■ The responsibility of this Court is to draw all reasonable inferences and implications from the act as a whole and thereby sustain its validity. *Graham v. Mills*, Ky., 694 S.W.2d 698 (1985). Citing *Tabler v. Wallace*, Ky., 704 S.W.2d 179 (1986), appellee asserts that because the statute's title, preamble, and subject matter fail to specify justification for the classification it forms, it is invalid under Section 59 of Kentucky Constitution. In *Tabler*, at 186, we stated that to sustain a classification under Section 59 that

there must be a substantial and justifiable reason [for the classification] apparent from legislative history, from the statute's title, preamble or subject matter, or from some other authoritative source.

Unlike *Tabler*, where no substantial reason was presented to rationally justify creating a special class, the history behind the enactment of the Teachers' Retirement Act explains the special purpose underlying the classification that KRS 161.700(2) creates. When the Social Security Act was amended to allow states to enter into a voluntary agreement to provide Social Security coverage for their employees, the Kentucky General Assembly passed KRS 61.410 that excepted coverage of Social Security for state employees already under a retirement system. Teachers were therefore excluded from participating in the Social Security program because they were covered by the TRS. *See* KRS 61.410 *et seq.* Thus there is a reasonable basis for the General Assembly to distinguish between classes in the challenged provision. *Kentucky Milk Mktg. & Anti–Mon. Com'n v. Borden Co.*, Furthermore, as appellant asserts, the TRS serves as an incentive to attract and retain teachers, as other retirement systems have been found to do. *See Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Hyde v. Haunost*, Ky., 530 S.W.2d 374 (1975).

Because KRS 161.700(2) is applied equally to all, the first prong of the *Schoo* test is satisfied. The second prong of the test is also satisfied because a distinctive and natural reason exists which supports the classification. We therefore find that even

though KRS 161.700(2) sets teachers up as a special class, the provision does not violate Section 59 of the Kentucky Constitution.

## EQUAL PROTECTION

■ Legislation will be upheld under equal protection principles of the federal and state constitutions if the law is rationally related to a legitimate objective. *McGowan v. State of Maryland*, 366 U.S. 420, 425–426, 81 S.Ct. 1101, 1104–1105, 6 L.Ed.2d 393 (1961); *Kentucky Ass'n of Chiropractors, Inc. v. Jefferson County Medical Society*, Ky., 549 S.W.2d 817, 822 (1977). The constitutionality of a statute will be upheld if its classification is not arbitrary, or if it is founded upon any substantial distinction suggesting the necessity, or propriety, of such legislation.

We previously noted that the basis for the classification that the challenged provision creates is founded on the fact that teachers are the only public employees not covered by the Social Security system. The General Assembly, therefore enacted legislation forming the TRS to ensure that teachers, upon retirement, would be provided for adequately. By enacting KRS 161.-700(1) the General Assembly further protected this group by insulating their retirement allowances from attachment during the division of marital property. The challenged section, KRS 161.700(2), is rationally related to the legitimate objective of protecting teachers upon retirement. KRS 161.700(2) does not fail the rationality test of the equal protection doctrines.

Because we find that the challenged statute is rationally related to a legitimate objective, no infringement of appellee's rights under equal protection is present.

## CONTRIBUTIONS MADE BEFORE EFFECTIVE DATE OF KRS 161.700(2)

■ Appellee asserts that application of the provision found in KRS 161.700(2) which exempts contributions made to a retirement system from consideration as marital property in a dissolution action, is retrospective. Because some funds were deposited before the statute was effective its application here is invalid. KRS 161.700(2) does not clearly express the intent that it should be applied to the TRS contributions made before its effective date. Appellee argues that applying KRS 161.700(2) to contributions made before July 15, 1980 violates KRS 446.080(3).

KRS 446.080(3) provides that "[n]o statute shall be construed to be retroactive unless expressly so declared."

"A retrospective law is one which creates and imposes a new duty in respect to transactions or considerations already past." *Peach v. 21 Brands Distillery*, Ky.App., 580 S.W.2d 235, 236 (1979). The fact that KRS 161.700(2) was not enacted at the time appellant first began to contribute to the TRS is not solely dispositive of whether the challenged statute was invalidly applied retrospectively by the trial court.

■ The General Assembly, in its discretion, has the authority to determine what constitutes marital property. In enacting KRS 161.700(2), the General Assembly exercised this discretion and determined that "accumulated contributions ... shall not be considered as an economic circumstance during the division of marital property." KRS 161.700(2).

To even the effect of KRS 161.700(2), the General Assembly enacted KRS 403.190(4). This section provides that:

> If retirement benefits of one (1) spouse are excepted from classification as marital property, or not considered as an economic circumstance during the division of marital property, then the retirement benefits of the other spouse shall also be excepted, or not considered, as the case may be ...

The combination of KRS 161.700(2) and KRS 403.190(4) protects the spouse of a teacher covered by the TRS plan.

■ We recognize that property acquired after a marriage should be deemed marital property in absence of a statute to the contrary. *See e.g. Davis v. Davis*, Ky., 777 S.W.2d 230 (1989) and *Jones v. Jones*, Ky., 680 S.W.2d 921 (1984).

The General Assembly, in enacting KRS 161.700(2), expressed the intention that accumulated retirement contributions are ex-

cluded from consideration as marital property. Because the provision imposes no new duty in respect to transactions or considerations in the past, we find no invalid retrospective application of KRS 161.700(2) to the case at bar.

## CONCLUSION

 We reverse the Court of Appeals and hold that: (1) KRS 161.700(2) is not an invalid special legislation; (2) it does not violate appellee's rights under the Equal Protection Clause, and (3) its application to contributions made before July 15, 1980 is not invalidly retrospective. We affirm the determination of the circuit court in holding that, pursuant to KRS 161.700(2), appellant's contributions to the TRS are not subject to discovery.

COMBS, LAMBERT, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

LEIBSON, J, dissents in a separate dissenting opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The Majority Opinion fails to recognize that while teachers are an appropriate separate class for education related purposes, it is purely arbitrary when KRS 161.700(2) treats them as such for the purpose of "division of marital property in an action for dissolution of marriage."

The need for an attractive retirement system to "serve as an incentive to attract and retain teachers" is not a special reason. Teaching is not essentially different from any other occupation that contributes to the welfare of society. The issue is not whether such occupations should have an attractive retirement system, but whether persons in such occupations should get special treatment when it is time to make an equitable division of marital property with their spouses. The reasons advanced by the Majority to justify special treatment cannot stand up to the test of constitutionality stated in *Board of Educ. of Jefferson Co. v. Board of Educ. of Louisville,* 472 S.W.2d 496, 498 (1971):

"A classification based upon purely artificial, arbitrary or fictitious conditions is unreasonable and will not be permitted."

Or of *Gillis v. Yount,* Ky., 748 S.W.2d 357, 363 (1988):

"Differences of a nature which permit classification for one governmental function are *not transferable* to permit classification for a different function." [Emphasis added.]

As stated in *Tabler v. Wallace,* Ky., 704 S.W.2d 179, 187 (1986), the issue of constitutionality under Kentucky Constitution Section 59 must turn

"on whether the General Assembly had a rational justification for creating a special class and conferring special privileges and immunity on that class.... No substantial reason has been presented to us."

The "social security" explanation for this statute will *not* wash. Social security benefits are *not* exempt from consideration in marital dissolution actions. *Roberts v. Roberts,* Ky.App., 744 S.W.2d 433 (1988). Many teachers earn income from other sources as well as teaching and are entitled to social security benefits. Many other persons as well as teachers do not qualify for social security benefits in whole or in part, but get no special treatment in marital dissolution as a special class because of it.

The facts show that the appellant will receive a distribution from the appellee's social security plan just because she was his wife for 34 years, regardless of KRS 161.700(2). The reason for this is that pursuant to the terms of the Social Security Act, a divorced spouse 62 or over receives benefits based on the earnings of the former spouse if she is divorced and is not entitled to her own social security benefits based on her own work record. *See* Social Security and Medicare; 42 U.S.C.S. Section 402. In KRS 161.700(2), the General Assembly has enacted a law protecting the teacher's equivalent of social security benefits, while the wife still gets a share of the non-teacher husband's social security benefits.

The Majority Opinion states that "the impact of applying the challenged exemption found in KRS 161.700(2) is balanced by provisions found in KRS 403.190(4)." But no such balancing occurs unless the teacher's spouse has retirement benefits of equal value, equally exempt. KRS 403.190(4) does not cure the constitutional defect.

Fair is fair. Teachers are not entitled to special privileges in divorce court. One can only conclude that KRS 161.700(2) is special legislation prohibited by Section 59 of the Kentucky Constitution.

Furthermore, the Majority Opinion errs in applying KRS 161.700(2) retroactively to contributions made before July 1980, its effective date. A statute should not be given such effect if it (1) impairs vested rights or (2) the statute does not clearly state that it should have retroactive effect. *See* KRS 446.080(3); *Dean v. Gregory*, Ky., 318 S.W.2d 549 (1958); *Taylor v. Asher*, Ky., 317 S.W.2d 895 (1958).

The appellant has a vested interest in benefits accumulated under the Teacher's Retirement System before the effective date of the statute in question. Under KRS 403.190(2) " 'marital property' means all property acquired by either spouse subsequent to the marriage" with certain stated exceptions which are not applicable here. In deciding whether the spouse's pre–1980 interest in the Teachers Retirement Fund is marital property, the issue is whether the *teacher* had a vested interest in these retirement benefits when the statute was passed, not whether the teacher's spouse had such an interest.

The Majority Opinion has erred by applying KRS 161.700(2) retroactively to a property interest which classifies as marital property acquired before the effective date of the statute.