Julia ROWE, Appellant,

v.

Harry J. COWHERD, M.D., Secretary,
Cabinet for Human Resources,
Appellee.

No. 89–CA–2464–S.

Court of Appeals of Kentucky.

Sept. 7, 1990.

Case Ordered Published By Court of
Appeals Oct. 19, 1990.

Larry H. York, Appalachian Research and Defense Fund of Kentucky, Inc., Barbourville, for appellant.

Ryan M. Halloran, General Counsel, Cynthia Banks, Cabinet for Human Resources, Frankfort, for appellee.

Before GUDGEL, LESTER and McDONALD, JJ.

McDONALD, Judge.

The appellant, Julia Rowe, has appealed from the judgment of the Rockcastle Circuit Court which upheld the decision of the appellee, Cabinet for Human Resources (hereinafter the cabinet), to terminate her benefits under the Aid to Families with Dependent Children (AFDC) program. Ms. Rowe and her five children were receiving $342 per month from the state until the benefits were terminated upon her marriage to Lee Rowe who is neither the natural nor adoptive parent of her children. Mr. Rowe's only source of income is $516 monthly from social security disability. Though this is not a large sum, it was enough, when deemed available to Ms. Rowe's children, to make the family ineligible for further assistance.

Ms. Rowe argues on appeal that the cabinet's action constitutes a violation of Title II, 42 U.S.C. § 407(a) and (b). These "anti-alienation" laws provide as follows:

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other

legal process, or to the operation of any bankruptcy or insolvency law. No other provision of law, enacted before, on, or after the date of the enactment of this section, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

■ We agree that Mr. Rowe's social security disability benefits are not transferable or assignable. While as a practical matter Mr. Rowe will be required to use his income to support his stepchildren, consideration of his income in determining the eligibility of the children to receive AFDC does not constitute a transfer, assignment or other legal process as prohibited by the anti-alienation provisions of Title II. *See Bradley v. Austin*, 841 F.2d 1288 (6th Cir. 1988), and *Gorrie v. Heckler*, 809 F.2d 508 (8th Cir.1987).

■ Ms. Rowe further argues there is no "congressional authority for the statutory RSDI benefits of a step-parent to be counted as available for the support of step-children." However, 42 U.S.C. § 602(a)(31) specifically provides that the "State agency *shall* take into consideration," with certain disregards, the income of the stepparent of a child in determining need.[1] This statute does not distinguish between earned income and other types of income benefits

such as social security. There is no reason for us to believe Congress meant to exclude social security income.

The appellant's reliance on 45 CFR 206.-10(a)(1)(vii)[2] is misplaced as this regulation concerns the composition of the AFDC assistance unit, not the treatment of income available to the unit. In order to be eligible for AFDC benefits a child must be both dependent and needy. *See Gorrie v. Bowen*, 809 F.2d 508 (8th Cir.1987). That a stepparent is in the home does not preclude a determination that a child is dependent. However, 45 CFR 233.20(a)(3)(xiv), which does concern income and which comports to 42 U.S.C. § 602(a)(31), provides that "[f]or AFDC, in states that do not have laws of general applicability holding the stepparent legally responsible to the same extent as the natural or adoptive parent, the state agency *shall count as income to the assistance unit the income of the stepparent....*" (Emphasis ours). Clearly, under both federal law and applicable regulations, Mr. Rowe's income was properly considered by the cabinet.

Finally, the Rowes argue that the consideration of Mr. Rowe's income in this setting "violated the spirit of Title II," and in the same vein that the department's action is "contrary to public policy, in that it encourages men and women to live together without the benefit of marriage." These

---

1. 42 U.S.C. § 602(a)(31) provides:
A State plan for aid and services to needy families with children must—
. . . .
(31) provide that, in making the determination for any month under paragraph (7), the State agency shall take into consideration so much of the income of the dependent child's stepparent living in the same home as such child as exceeds the sum of (A) the first $75 of the total of such stepparent's earned income for such month (or such lesser amount as the Secretary may prescribe in the case of an individual not engaged in fulltime employment or not employed throughout the month), (B) the State's standard of need under such plan for a family of the same composition as the stepparent and those other individuals living in the same household as the dependent child and claimed by such stepparent as dependents for purposes of determining his Federal personal income tax liability

but whose needs are not taken into account in making the determination under paragraph (7), (C) amounts paid by the stepparent to individuals not living in such household and claimed by him as dependents for purposes of determining his Federal personal income tax liability, and (D) payments by such stepparent of alimony or child support with respect to individuals not living in such household.

2. 45 CFR 206.10(a)(1)(vii) provides:
For AFDC only, in order for the family to be eligible, an application with respect to a dependent child must include, if living in the same household and otherwise eligible for assistance: (A) Any natural or adoptive parent, or stepparent (in the case of States with laws of general applicability); and (B) Any blood-related or adoptive brother or sister.

arguments are not persuasive as they ignore the fact that the cabinet has no discretion in this matter. The AFDC program, though administered by the states, receives funds from the federal government. In order to receive those funds the states must implement a plan that complies with the applicable federal statutes and regulations. For many years federal regulations required that only income and resources "in fact available to a child for current use on a regular basis would be taken into consideration in determining need and the amount of payment." *Brown v. Heckler,* 589 F.Supp. 985 (E.D.Pa.1984) citing *Lewis v. Martin,* 397 U.S. 552, 555, 90 S.Ct. 1282, 1283, 25 L.Ed.2d 561 (1970). However, because of budget problems (and probably because of a change in attitude toward the welfare system), Congress made significant changes in 1981, including passage of 42 U.S.C. § 602(a)(31), requiring inclusion of a stepparent's income. While the Rowes would definitely have been better off financially had they lived together without benefit of marriage, (as is frequently the case under various tax and welfare laws), the stepparent statute does not interfere with the marital or privacy rights of recipients. Clearly, this change and others made in 1984 pursuant to the Deficit Reduction Act (DEFRA) "severely" impacted on needy families. *Bowen v. Gilliard,* 483 U.S. 587, 598, 107 S.Ct. 3008, 3015, 97 L.Ed.2d 485 (1987). However, as our U.S. Supreme Court noted in that case,

> Such suffering is frequently the tragic byproduct of a decision to reduce or to modify benefits to a class of needy recipients. Under our structure of Government, however, it is the function of Congress—not the courts—to determine whether the savings realized, and presumably used for other critical governmental functions, are significant enough to justify the costs to the individuals affected by such reductions.

*Id.,* 483 U.S. at 596, 107 S.Ct. at 3014–15.

Clearly, our state cabinet cannot make policies contrary to the congressional mandate.

The judgment of the Rockcastle Circuit Court is affirmed.

All concur.