**Brenda (Basham) TIGNER, Appellant,**

v.

**SECRETARY, CABINET FOR HUMAN RESOURCES, Appellee.**

No. 92–CA–1275–S.

Court of Appeals of Kentucky.

July 16, 1993.

---

Ellen G. Friedman, Robert H. Littlefield, Legal Aid Soc., Louisville, for appellant.

Autumn F. Corns, Frankfort, for appellee.

Before GUDGEL, HUDDLESTON and McDONALD, JJ.

McDONALD, Judge.

The appellant, Brenda Tigner Basham, has two children from a former marriage for whom she received $207 monthly in benefits under Title IV–A of the Social Security Act, 42 U.S.C. § 601 *et seq.,* better known as Aid to Families With Dependent Children (AFDC). In March, 1988, appellant was notified that these benefits were to be discontinued as social security disability benefits received by her third child and this child's father, John Basham, who resided in the home, raised the family's income over the eligibility limit for AFDC benefits. The appellant asked for a hearing and appealed the adverse decision of the hearing officer to the Cabinet for Human Resources' Appeal Board. After exhausting these administrative remedies, the appellant sought review in the Grayson Circuit Court. The appellant and John Basham were married in June, 1990. At that point there was no question that Basham's disability income was deemed available to his

stepchildren for purposes of determining eligibility for AFDC. Because the appellant opted to continue to receive AFDC benefits during the pendency of her appeals in the agency until her marriage to Basham, the circuit court was required to determine the issue of whether or not Mr. Basham's income was properly deemed available to the appellant prior to their marriage. The circuit court affirmed the determination of the Cabinet and gave the Cabinet a judgment of $4,157, representing sums overpaid to appellant.

As we discussed in *Rowe v. Cowherd,* Ky.App., 796 S.W.2d 866 (1990), (social security disability benefits of stepfather deemed available to the assistance unit), the 1984 Deficit Reduction Act (DEFRA) made significant changes in how financial assistance is distributed. Prior to 1984 there was no requirement that all family members be included in the unit filing for benefits. Thus some children with income could be excluded to avoid disqualifying the whole family. In enacting DEFRA, Congress amended legislation pertaining to AFDC "... to require that a family's eligibility for benefits must take into account, with certain specified exceptions, the income of all parents, brothers and sisters living in the same home." *Bowen v. Gilliard,* 483 U.S. 587, 589–590, 107 S.Ct. 3008, 3011, 97 L.Ed.2d 485, 493–94 (1987). Accordingly, § 2640(a) of DEFRA, codified at 42 U.S.C. § 602(a)(38), provides:

(a) **Contents.** A State plan for aid and services to needy families with children must—

....

(38) provide that in making the determination [of eligibility] with respect to a dependent child ..., the State agency shall ... include—

(A) any parent of such child, and

(B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section 406(a) [42 U.S.C.S. § 606(a)(1), (2) ] ...,

if such parent, brother, or sister is living in the same home as the dependent child, and any income of or avail-

able for such parent, brother, or sister shall be included in making such determination. ...

█ The appellant first argues that her child, Shanna (also Mr. Basham's child), should not have been included in the household unit as she is not a financially needy child. The problem with this argument is that by statutory definition Shanna is a dependent child. Section 606(a) defines "dependent child" as one:

... (1) who has been deprived of parental support or care by reason of the death, continued absence from the home ..., or physical or mental incapacity of a parent, ... and (2) who is (A) under the age of eighteen. ...

In *Orris v. Sullivan,* 974 F.2d 109 (9th Cir.1992), which concerns a factual situation identical to that in the instant case, the court reasoned that the 1984 DEFRA amendments intended to include as income for purposes of determining eligibility for AFDC "... virtually all income received by any parent, sibling, or other relative, regardless of individual 'need'." Because her father is disabled, Shanna is a "dependent child" and must be included in the assistance unit, whether she is financially needy or not. *See also, Oliver v. Ledbetter,* 821 F.2d 1507 (11th Cir.1987).

█ Next the appellant argues that Mr. Basham had no legal obligation to support her children by a former marriage and that it was erroneous to include him in the unit. She relies on this Court's comment in *Rowe, supra,* that the Rowes "would definitely have been better off financially had they lived together without benefit of marriage...." 796 S.W.2d at 868. Of course, the Rowes, unlike appellant and Mr. Basham, did not have any children together. Because the state was required to include Mr. Basham's child in the filing unit, it was also required to include Mr. Basham. 42 U.S.C. § 602(a)(38)(A).

█ The appellant also argues that Mr. Basham's income should not be used to deprive her sons of AFDC benefits as his income was not actually available to her sons. The hearing held in this case was

very brief and we can find no testimony as to who paid the rent or utilities, or provided the food at their shared residence. The appellant testified that Mr. Basham did not support her two sons and that, if she borrowed money from him for their shoes or school supplies, she paid him back. The circuit court, however, found that appellant's two sons benefited by Mr. Basham's receipt of social security. It reasoned: "[T]hey lived in the same house, enjoyed the same utilities and in all probability used the same transportation." This finding is certainly a reasonable inference from the evidence of record and thus is not clearly erroneous. As noted in *Oliver v. Ledbetter, supra,* Congress sought to ensure that "... the income of family members who live together and share expenses is recognized and counted as available to the family as a whole." 821 F.2d at 1512, citing Staff of Senate Comm. on Finance, 98th Cong., 2d Sess., Report on Deficit Reduction Act of 1984 980 (Comm. Print 1984). The evidence in the record clearly established that prior to their marriage the Bashams shared the expenses of maintaining their household, which included appellant's two sons. While Mr. Basham did not provide for all the needs of appellant's children, certainly they benefited from his social security income.

 Finally, the appellant argues that there is no rational basis for requiring a disabled person to be included in a filing unit when an individual without a disability would be excluded. She argues the legislation violates the 14th Amendment to the U.S. Constitution and Section 2 of our Kentucky Constitution. The Court in *Orris v. Sullivan, supra,* was faced with the same issue and held that the result reached was "neither irrational nor inconsistent with the statute...." We also note that the constitutionality of the Deficit Reduction Act was upheld in *Bowen v. Gilliard, supra,* in which the Court recognized that Congress was entitled to determine "how best to allocate limited funds among the extremely large class of needy families...." 483 U.S. at 600, 107 S.Ct. at 3017, 97 L.Ed.2d at 500. That Court also rejected the claim that "some form of 'heightened scrutiny' is appropriate...." *Id.* at 601, 107 S.Ct. at 3017, 97 L.Ed.2d at 501. The government is providing financial assistance to this family unit in the form of social security disability benefits. It is perfectly rational to have these sums included in determining the unit's eligibility to further governmental benefit programs.

Accordingly, the judgment of the Grayson Circuit Court is affirmed.

All concur.