**Jean Crawford TURNER, Appellant,**

v.

**William Hagan TURNER, Appellee.**

**No. 93–CA–2931–MR.**

Court of Appeals of Kentucky.

April 28, 1995.

Discretionary Review Denied by Supreme Court Nov. 15, 1995.

Ephraim Woods Helton, Helton & Petrie, Danville, for appellant.

Deedra Benthall, Danville, for appellee.

Before LESTER, C.J., and HOWERTON and SCHRODER, JJ.

HOWERTON, Judge.

Jean Crawford Turner appeals from a judgment entered by the Boyle Circuit Court wherein it held that the retirement benefits of Jean's former husband, William Turner, were not divisible marital property pursuant to KRS 403.190(4). Jean continues to maintain that the legislature meant to exclude from division only that part of the pension belonging to the spouse of a teacher that is equal in value to the teacher's pension. Thus, she claims that any of William's retirement benefits in excess of her teacher retirement benefits should be considered divisible marital property. We reluctantly agree with the trial court and affirm.

Jean and William were divorced in 1993, after 27 years of marriage. At the time of the divorce Jean was employed as a teacher in the Garrard County school system, and William was an ironworker employed with Duncan Machinery Movers. As a teacher, Jean participated in the Kentucky Retirement System, while William maintained both a retirement/pension plan and an annuity

through the Ironworkers District Council of Southern Ohio and Vicinity.

The only facts pertinent to this appeal are those involving the parties' pensions. The Domestic Relations Commissioner recommended that, because Jean's retirement funds were exempt from distribution as marital property pursuant to KRS 161.700(2), William's pension was likewise exempt under KRS 403.190(4). The trial court affirmed the commissioner's recommendations, and this appeal followed.

 Jean argues that the trial court misconstrued the intent of the legislature in its interpretation of the applicable law. She insists that they never intended to exempt a teacher's spouse's pension to the extent that its value exceeded the value of the teacher's pension. We cannot agree.

Where the words in a statute are clear and unambiguous and express the legislative intent, there is no room for construction and the statute must be accepted as it is written. *Manning v. Kentucky Bd. of Dentistry,* Ky.App., 657 S.W.2d 584 (1983). Both KRS 161.700(2) and KRS 403.190(4) are unambiguous in their language leaving no doubt that the legislature intended to exempt, as marital property, the entire pensions of a teacher and his/her spouse upon divorce.

KRS 161.700(2) provides:

Retirement allowance, disability allowance, accumulated contributions, or any other benefit under the retirement system shall not be classified as marital property pursuant to KRS 403.190(1).... [and] shall not be considered as an economic circumstance during the division of marital property in an action for dissolution of marriage pursuant to KRS 403.190(1)(d).

KRS 403.190(4) provides:

If the retirement benefits of one (1) spouse are excepted from classification as marital property, or not considered as an economic circumstance during the division of marital property, then the retirement benefits of the other spouse shall also be excepted, or not considered, as the case may be.

Nowhere in these statutes does the legislature suggest that that part of a teacher's spouse's pension which is over and above the value of the teacher's plan should be considered marital property. In fact, the wording of the statutes mandate that not only are the respective pensions not to be considered marital property, the contributions are not to be considered as an "economic circumstance". Thus, even in a situation where the teacher/spouse has taught only a short time and has accrued a correspondingly small pension, and the other spouse has a large pension amassed after many years of work, the court is powerless to consider this "economic circumstance" when deciding how the other marital property is to be divided. While we may agree with Jean that this can lead to a very inequitable result—just as it apparently has in this case—it is up to the legislature and not this court to correct the problem.

The judgment of the Boyle Circuit Court is affirmed.

All concur.