**Sarah GROSS, Appellant,**

v.

**Dennis GROSS, Appellee.**

No. 1998–CA–002009–MR.

Court of Appeals of Kentucky.

Dec. 17, 1999.

Ronald L. McDermott, Covington, for Appellant.

Before COMBS, JOHNSON, and McANULTY, Judges.

*OPINION*

COMBS, Judge.

Sarah Gross[1] appeals from the portion of a July 11, 1998, order of the Bracken Circuit Court that she challenges as erroneous for its refusal to consider an award of Social Security disability benefits made to Dennis Gross in its evaluation of the parties' marital estate. We vacate and remand.[2]

Sarah and Dennis Gross were married on November 2, 1992. They separated on November 12, 1996. Sarah's petition for a dissolution of the marriage soon followed. After a period of discovery, the parties entered into a separation agreement dividing their personal property and debts. A decree of dissolution incorporating the separation agreement was entered on February 13, 1998. However, the agreement specifically reserved for a determination by the trial court the issue of whether Dennis's Social Security benefits should be classified as marital property subject to equitable distribution. Dennis had filed an application for SSI and SSD benefits that had not been adjudicated as of the date of the decree of dissolution; the trial court ruled that Sarah was not entitled "to any portion of his future benefits nor his back-pay benefits." Order of April 2, 1998.[3]

---

1. Pursuant to the divorce action, Sarah Gross was restored to her former name of "Ketron." However, the notice of appeal and brief to this court refer to her as "Sarah Gross." We follow suit.

2. Dennis is proceeding *pro se* and has not filed an appellee's brief. Kentucky Rule of Civil Procedure (CR) 76.12(8)(c) provides:
   If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.
   Based on the merits of the case as set forth in appellant's brief, we have concluded that the circuit court's ruling must be vacated and remanded.

3. The record suggests that Dennis had been previously awarded disability benefits covering a period from December 29, 1993 through January 5, 1995. No claim is made by Sarah in this proceeding for any part of that award, however.

After the entry of the parties' final divorce decree, the Social Security Administration determined that Dennis was entitled to full disability benefits dating from January 6, 1995. In a post-dissolution order, the Bracken Circuit Court determined that Dennis's "back pay" benefit award was not includable in the parties' marital estate and thus was not subject to equitable distribution pursuant to KRS 403.190. In reaching this conclusion, the court found that Section 407(a) of the Social Security Act preempted the application of Kentucky's equitable distribution statute.

On appeal, Sarah contends that the award of "back pay" benefits—or that portion of the disability income award that is *non-prospective*—constitutes a part of the parties' marital estate subject to equitable distribution. She claims to be entitled to a portion of that part of the "back pay" benefits that accrued during the parties' marriage.

The Social Security Act provides an explicit and extensive benefit plan, including a scheme by which divorced spouses may be entitled to a portion of their former spouse's benefits. *See* 42 U.S.C. § 402(b)(1)(1991). Additionally, the Act includes an anti-alienation clause providing that

[t]he right of any person to any future payment . . . shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing . . . shall be subject to execution, levy, attachment, garnishment, or other legal process. . . .

42 U.S.C. § 407(a)(1998).

Given the exhaustive nature of the act and in view of the language cited above, courts in many jurisdictions have concluded that anticipated Social Security benefits may not be valued by the court and included as part of a couple's marital estate. *See Mahoney v. Mahoney,* 425 Mass. 441, 681 N.E.2d 852 (1997). While holding that anticipated Social Security benefits are not true marital assets and are, in essence, insulated from equitable distribution, many courts have nevertheless held that a trial court may consider a spouse's anticipated Social Security benefits as one factor—among others—in dividing the over-all marital estate. *See* 24 Am.Jur.2d *Divorce and Separation* § 541 (1998).

For example, in *In re Marriage of Boyer,* 538 N.W.2d 293 (Iowa 1995), the Supreme Court of Iowa held that section 407(a) preempts state laws allowing direct division of Social Security benefits as well as any direct set-off in consideration of such benefits. However, the court concluded that *consideration of the existence of these benefits* is not foreclosed by section 407(a) and declared as follows:

a state court is not required to pretend to be oblivious of the fact that one party expects benefits that will not be enjoyed by the other. This contrasting economic security can be weighed as a factor in fixing the economic terms of a dissolution decree.

*In Re Marriage of Boyer,* 538 N.W.2d at 293–294. Similarly, in *Pongonis v. Pongonis,* 606 A.2d 1055 (Me.1992), Maine's highest court upheld the trial court's consideration of a wife's Social Security income in dividing marital assets. The court's decision in *Pongonis* focused on the fact that the trial court (notwithstanding the prohibition of section 407(a) against assignment and transfer of benefits) had made no attempt to divide directly or to distribute Social Security benefits; instead, it considered the anticipated benefits as a "relevant factor" in dividing the rest of the marital property. *See Pongonis,* 606 A.2d at 1058.

Finally, we view our decision in *Rowe v. Cowherd,* Ky.App., 796 S.W.2d 866 (1990), as providing support—if only indirectly—for a trial court's consideration of the benefits in determining an equitable distribution of marital property. In *Rowe,* we considered whether a step-father's monthly Social Security disability benefit could be taken into account in determining the eligibility of his step-children to receive

AFDC. While affirming that Rowe's Social Security disability benefit was not transferable or assignable, we concluded that the benefit could nevertheless be considered in assessing the children's AFDC eligibility. We held that mere consideration of the benefit did not constitute a transfer, assignment, or "other legal process" as prohibited by the anti-alienation provisions of the Act. *Id.* at 867.

Therefore, we conclude that a trial court's consideration of non-prospective Social Security benefits in formulating a division of marital property is *not* preempted by federal law—although the actual benefits themselves are not subject to division or set-off. Thus, we conclude that the Bracken Circuit Court was at liberty to consider Dennis's award of non-prospective Social Security benefits in assessing the over-all fairness of the parties' property settlement agreement. In light of our conclusion, we vacate and remand to the trial court for such additional consideration.

ALL CONCUR.