RENDERED: SEPTEMBER 20, 2007
TO BE PUBLISHED

# $\text{Supreme Court of Kentucky}$ FINAL

## 2005-SC-000855-DG



DATE 10-11-07 _____

TERESA GAIL SHOWN                                              APPELLANT


ON REVIEW FROM COURT OF APPEALS
V.                      CASE NUMBER 2004-CA-000988
OHIO CIRCUIT COURT NO. 03-CI-000221


ROBERT TODD SHOWN                                              APPELLEE


## OPINION OF THE COURT BY JUSTICE SCOTT

## <u>REVERSING</u>

Appellant, Teresa Gail Shown, appeals from an opinion and order of the

Court of Appeals which affirmed an order entered by the Ohio Circuit Court in the

parties' divorce proceedings. The Ohio Circuit Court determined, among other

things, that Appellee, Robert Todd Shown, was permitted to exclude the full

amount of his Kentucky Teachers' Retirement System (KTRS) account from

classification and division as marital property pursuant to KRS 161.700(2).

Appellant argues that both the trial court and the Court of Appeals erred in failing

to give effect to the provisions set forth in KRS 403.190(4).

The parties were married on April 5, 1986, and separated on June 21,

2003. Appellee is employed with the Ohio County Board of Education and is also

an Army Reservist. Appellant is employed as a dental hygienist. During the

divorce proceedings, the parties were able to resolve most issues, but disagreed

as to the division of their retirement accounts. Appellee had approximately $81,410 in his KTRS account while Appellant had approximately $1,896 in her Fidelity Simplified Employee Pension (SEP-IRA). Appellee argued that his KTRS account was exempt from classification and division as marital property under KRS 161.700(2), while Appellant argued her SEP-IRA qualified as a retirement account and therefore KRS 403.190(4) overrode KRS 161.700(2) and operated to limit the amount of the KTRS funds which Appellee could claim as exempt.

The Court of Appeals affirmed the trial court, holding that KRS 403.190(4) and KRS 161.700(2) were in conflict, and thus, pursuant to principles of statutory construction, the exemption provisions set forth in KRS 161.700(2) would control over the provisions set forth in KRS 403.190(4). In the alternative, the Court of Appeals held that KRS 403.190(4) is inapplicable unless *both spouses* have an account that qualifies as a "retirement-benefit" as is defined in KRS 403.190(4), holding that Appellee's SEP-IRA was not such a "retirement benefit" as defined thereunder.

Having heard arguments of the parties, we reverse the trial court's judgment and the opinion of the Court of Appeals on the basis that there is no conflict between KRS 403.190(4) and KRS 167.700(2) and a SEP-IRA does fall within the definition of a "retirement account" as specifically defined by the Legislature in KRS 403.190(4).

Unless specifically exempt by statute, Kentucky treats all retirement benefits accumulated during the marriage as marital property subject to classification and division upon divorce. KRS 403.190; Holman v. Holman, 84 S.W.3d 903, 907 (Ky. 2002). We have reasoned that "[r]etirement benefits are classified as marital property not because the General Assembly failed to include

2

them within the exclusions, but rather because they are a form of deferred compensation or savings earned during the marriage similar to income earned or savings accumulated during the marriage." Holman, 84 S.W.3d at 907.

In this case, there is a statute which specifically exempts the KTRS retirement benefits accumulated by Appellee during the marriage from being classified and divided upon divorce. KRS 161.700(2) reads as follows:

> Retirement allowance, disability allowance, accumulated contributions, or any other benefit under the [KTRS] retirement system *shall not be classified as marital property pursuant to KRS 403.190(1).* Retirement allowance, disability allowance, accumulated contributions, or any other benefit under the [KTRS] retirement *system shall not be considered as an economic circumstance during the division of marital property* in an action for dissolution of marriage pursuant to KRS 403.190(1)(d).

(Emphasis added). In Waggoner v. Waggoner, 846 S.W.2d 704 (Ky. 1993), this Court held that the above statute was constitutional in large part because "teachers are the only state employees not covered by Social Security." Id. at 707. The Waggoner Court cautioned, however, that "[t]o even the effect of KRS 161.700(2), the General Assembly enacted KRS 403.190(4)." Id. at 708. It reasoned that "[t]he combination of KRS 161.700(2) and KRS 403.190(4) protects the spouse of a teacher covered by the TRS plan." Id.

At the time Waggoner was decided, KRS 403.190(4) read as follows:

> *If the retirement benefits of one spouse are excepted from classification as marital property, or not considered as an economic circumstance during the division of marital property,* then the retirement benefits of the other spouse shall also be excepted, or not considered, as the case may be.

Id. (Emphasis added). Like the Waggoner Court, we believe it is impossible to ignore the words emphasized above. The language set forth in KRS 403.190(4) clearly anticipates statutes such as KRS 161.700(2) and thus, by the plain

3

language set forth therein, KRS 403.190(4) is meant to be read in conjunction, not in conflict with, KRS 161.700(2). This interpretation, of course, is mandated by well-settled rules of statutory construction which state that, above all else, "it is the Court's duty to harmonize the law so as to give effect to both statutes." Commonwealth v. Phon, 17 S.W.3d 106, 107 (Ky. 2000). See also Turner v. Turner, 908 S.W.2d 124, 125 (Ky. App. 1995) (reading KRS 161.700(2) in conjunction with, and not to the exclusion of, KRS 403.190(4)).

Of course, an inequity in KRS 403.190(4) was revealed by our Court of Appeals in Turner, supra. In Turner, a teacher spouse had much less accumulated in her KTRS account than her spouse did in his non-KTRS retirement accounts which would have been otherwise divisible had the teacher spouse not had funds accumulated in a KTRS account. However, pursuant to the plain language of KRS 403.190(4) as it was written at the time, the non-teacher spouse's non-KTRS retirement benefits were completely exempt from division as marital property due to the fact that the teacher spouse's retirement benefits were qualified as exempt. Id. at 125.

Soon thereafter, the General Assembly amended KRS 403.190(4) to read as follows:

> If the retirement benefits of one spouse are excepted from classification as marital property, or not considered as an economic circumstance during the division of marital property, then the retirement benefits of the other spouse shall also be excepted, or not considered, as the case may be. *However, the level of exception provided to the spouse with the greater retirement benefit shall not exceed the level of exception provided to the other spouse.*

(Emphasis added). The General Assembly seemingly attempted to rectify the inequity exposed in Turner, supra, by adding the single sentence highlighted

4

above in the statute. We simply cannot ignore the fact that this sentence is broad in its language and indicates by its plain words that its effect is meant to apply to both spouses, not just teacher spouses. Thus, we are obligated to enforce its apparent meaning. Wheeler & Clevenger Oil Co., Inc. v. Washburn, 127 S.W.3d 609, 614 (Ky. 2004) ("This Court has steadfastly adhered to the plain-meaning rule unless to do so would constitute an absurd result.") (internal citation and quotation omitted).

Accordingly, we do not accept the contrary interpretation set forth in the Court of Appeals' opinion as we find no conflict in either the language or intent of the statutes. Both case law and the statutory language itself demonstrate that KRS 403.190(4) was intended to serve as a limitation upon exemption statutes such as KRS 161.700(2).

Appellee also argues that even if we give effect to the plain meaning of the language set forth in KRS 403.190(4), it is inapplicable in this case because Appellant has no retirement benefits as defined therein. Appellee cites the language set forth in the statute, which states:

> Retirement benefits, for the purposes of this subsection shall include retirement or disability allowances, accumulated contributions, or any other benefit *of a retirement system* or plan regulated by the Employees Retirement Income Security Act of 1974, or of a public retirement system administered by an agency of a state or local government, including deferred compensation plans created pursuant to KRS 18A.230 to 18A.275 or defined contribution or money purchase plans qualified under Section 401(a) of the Internal Revenue Code of 1954, as amended.

KRS 403.190(4) (emphasis added). Of principal dispute is whether the language "of a retirement system" stands alone to broadly include any retirement benefits which derive from "any retirement system" or whether it only refers to those "retirement systems" specifically listed therein.

5

Notably, if "retirement systems" is a broadly defined term, any privately created retirement, whether tax-benefited or not, could qualify, as would retirement benefits under the Social Security system – the largest "retirement system" existing today. That, however, could not be the case given the "anti-alienation clause" of the Social Security Act, 42 U.S.C.A. § 407(a):

> The right of any person to any future payment . . . shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing . . . shall be subject to execution, levy, attachment, garnishment, or other legal process . . . .

Although the Court of Appeals has noted that Social Security benefits may be considered by a trial court "as one factor-among others-in dividing the over-all marital estate," Gross v. Gross, 8 S.W.3d 56, 57 (Ky. App. 1999), they *plainly may not be divided* by the court, as would be called for under KRS 403.190(4), were they treated as benefits of a "retirement system" as defined thereunder. And, "[i]t must, of course, be presumed that the Legislature is aware of the status of the law at the time of the enactment of a statute." Com., Dept. of Banking and Securities v. Brown, 605 S.W.2d 497, 498 (Ky. 1980). KRS 403.190(4) having specifically referred to "a public retirement system administrated by an agency of a state or local government," it could not fairly be said that the Legislature intended to include a privately created plan outside the defined regulatory scheme.

Moreover, "[a]ll words and phrases shall be construed according to the common and approved usage of language, but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning." KRS 446.080(4). Thus, as much as some would heart-fully disagree, we must interpret the statute to fairly

6

meet the intent of the Legislature, for it is not our constitutional prerogative to legislate. Ky. Const. § 28.

Thus, to trigger the divisionary rule of KRS 403.190(4), a retirement benefit, allowance, accumulated contribution, *or any other benefit*, must flow from a "retirement system or plan regulated by the Employees Retirement Income Security Act of 1974, or of a public retirement system administered by an agency of a state or local government, including deferred compensation plans created pursuant to KRS 18A.230 to 18A.275 or defined contribution or money purchase plans qualified under Section 401(a) of the Internal Revenue Code of 1954, as amended." KRS 403.190(4).

As SEP-IRAs are defined under Section 408(K) of the Internal Revenue Code of 1954, as amended, they cannot be a Section 401(a) plan. Nor do they constitute a public retirement system administered by an agency of a state or local government, including deferred compensation plans created pursuant to KRS 18A.230 to 18A.275. They are, however, regulated by ERISA. See Garratt v. Walker, 164 F3d 1249, 1251 (10th Cir. 1998)("[W]e follow the panel's decision that a SEP is a pension plan within the meaning of ERISA") See also 29 U.S.C. §§ 1002(2)(A), 1003(c) (2007); 29 C.F.R. § 2510.3-2(d)(1) (2007) ("For purposes of . . . [ERISA] [a] 'pension plan' shall not include an individual retirement account . . . provided that - - (i) No contributions are made by the employer . . . ."). Thus, unlike IRAs, SEP-IRAs, being employer funded, do trigger the divisionary rules of KRS 403.190(4). Thus, as is illustrated by Garratt, supra, if a plan is covered by *any* of the five (5) subparts of ERISA, it is an "ERISA regulated" plan. See 29 U.S.C. § § 1003, 1051, 1081, 1101, 1321 (2007).

For the foregoing reasons, we reverse and vacate the judgment of the trial court and the opinion of the Court of Appeals and remand this matter back to the trial court for further proceedings consistent herewith. In so doing, the trial court shall exercise the discretion vested in it under KRS 403.190(1).

Lambert, C.J.; Minton, Noble and Schroder, JJ., concur. Cunningham, J., concurs in result only. Abramson, J., not sitting.

COUNSEL FOR APPELLANT:

Candy Y. Englebert
1500 Frederica Street
P.O. Box 1794
Owensboro, KY 42302-1794

Darron Lee Brawner
1500 Frederica Street
P.O. Box 1794
Owensboro, KY 42302-1794


COUNSEL FOR APPELLEE:

Gregory Boyd Hill
P.O. Box 94
Hartford, KY 42347