**Yolanda BROOKS, Appellant,**

v.

**Charles BROOKS, Appellee.**

No. 2010–CA–001720–MR.

Court of Appeals of Kentucky.

June 24, 2011.

Dawn R. Watts, Jackson, KY, for appellant.

Hershel Branson, Jr., Jackson, KY, for appellee.

Before DIXON, STUMBO, and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Yolanda Brooks appeals from the Wolfe Circuit Court's findings of fact, conclusions of law, and decree of dissolution. For the following reasons, we affirm.

Yolanda and Charles Brooks were married for over twenty-one years when Charles petitioned the trial court for dissolution of the marriage. At the time of the hearing, Charles was forty-four years of age and Yolanda was thirty-eight years of age. Both parties were in good health. Charles was employed as a Rank I teacher by the Morgan County Board of Education and by Morehead State University and earned $43,694 annual gross income, with a monthly net income of $2,879.06. He obtained his degree during the course of the marriage. Yolanda had no income. She has a seventh grade education and her work life has consisted of six years of unskilled labor as a nursing assistant in various nursing homes. She has not worked in the last fifteen years; instead, she was a homemaker and raised the parties' children.

The trial court awarded the parties joint custody of their two minor children, naming Charles as the primary residential custodian and granting visitation rights to Yolanda. The court ordered Yolanda to pay child support to Charles in the amount of $60 per month for nine months, at which time the children will turn eighteen years of age and graduate from high school. The court ordered Charles to pay maintenance to Yolanda in the amount of $360 per month for two and a half years to enable Yolanda to obtain a GED and job training since she is presently unable to support herself. The child support payments were ordered to off-set the maintenance payments during the first nine months.

The parties did not dispute which items of property were nonmarital and the court restored all nonmarital property to its owner. The court then divided the marital property between the parties and entered a final decree of dissolution of marriage. This appeal followed.

On appeal, Yolanda claims (1) she is entitled to a greater share of the marital property since the trial court excepted from classification as marital property Charles' Kentucky Teachers' Retirement System ("KTRS") account, (2) the maintenance award of $360 per month for a period of two and a half years is insufficient, and (3) the needs and wants of the parties' two minor children should not have been considered when the marital property was divided. We disagree.

■■■ Our review of the trial court's findings of fact "is governed by the rule that such findings shall not be set aside unless clearly erroneous." *Gosney v. Glenn,* 163 S.W.3d 894, 898 (Ky.App.2005). A factual finding is not clearly erroneous if supported by substantial evidence. *Id.* (citations omitted). Substantial evidence is evidence, when taken alone or in light of all the evidence "that a reasonable mind would accept as adequate to support a conclusion." *Moore v. Asente,* 110 S.W.3d 336, 354 (Ky.2003) (citations omitted). The trial court's conclusions of law, however, are subject to independent de novo appellate determination. *Gosney,* 163 S.W.3d at 898–99 (citations omitted).

■■ First, Yolanda argues that she is entitled to a greater portion of the marital property, specifically, a portion equal to one-half the value of Charles' KTRS account per KRS [1] 403.190.

Pursuant to KRS 403.190, "[u]nless specifically exempt by statute, Kentucky treats all retirement benefits accumulated during the marriage as marital property subject to classification and division upon divorce." *Shown v. Shown,* 233 S.W.3d 718, 720 (Ky.2007) (citing *Holman v. Holman,* 84 S.W.3d 903, 907 (Ky.2002)). In this case, KRS 161.700 specifically exempts KTRS retirement benefits accumulated during the marriage from being classified as marital property subject to division. KRS 161.700 provides, in pertinent part:

(3) Retirement allowance, disability allowance, accumulated contributions, or any other benefit under the retirement system **shall not be classified as marital property** pursuant to KRS 403.190(1), except to the extent permitted under KRS 403.190(4). Retirement allowance, disability allowance, accumulated contributions, or any other benefit under the retirement system **shall not be considered as an economic circumstance during the division of marital property** in an action for dissolution of marriage pursuant to KRS 403.190(1)(d), **except to the extent permitted under KRS 403.190(4).**

(emphasis added).

KRS 403.190(4) provides, in part:

(4) If the retirement benefits of one spouse are excepted from classification as marital property, or not considered as an economic circumstance during the division of marital property, then the retirement benefits of the other spouse shall also be excepted, or not considered, as the case may be. However, the level of exception provided to the spouse with the greater retirement benefit shall not exceed the level of exception provided to the other spouse.

KRS 403.190(4).

Yolanda directs us to the case of *Shown v. Shown,* 233 S.W.3d 718 (Ky.2007), in

1. Kentucky Revised Statutes.

which the husband had a KTRS account valued at approximately $80,000, and the wife had a Fidelity Simplified Employee Pension (SEP–IRA) valued at approximately $1,800. *Id.* at 719. In an action for dissolution of the marriage, the husband argued that his KTRS account was entirely exempt from classification and division as marital property per KRS 161.700(2), while the wife argued that per KRS 403.190(4), the husband's KTRS account was divisible marital property to the extent it exceeded her SEP–IRA. *Id.* at 719–20.

In reconciling KRS 161.700 and KRS 403.190, the Court determined that the exemptions provided in KRS 161.700(2) were subject to the limitations provided in KRS 403.190(4). *Id.* at 721. Therefore, the Court ruled that the husband could only exclude from classification as marital property amounts of his KTRS account that did not exceed the amount in the wife's SEP–IRA. *Id.* The Court further held that the wife's SEP–IRA constituted retirement benefits for the purpose of triggering the divisionary rule under KRS 403.190(4). *Id.* at 722.

In this case, unlike in *Shown,* Yolanda has no retirement account and thus, the divisionary rule under KRS 403.190(4) is not triggered. Thus, under KRS 161.700, Charles' KTRS account is nonmarital property and cannot be treated as an economic circumstance for purposes of dividing marital property. Accordingly, the trial court did not err by exempting Charles' KTRS account from classification as marital property.[2]

Next, Yolanda asserts that the maintenance award of $360 per month for a period of two and a half years is insufficient and was an abuse of the trial court's discretion.

KRS 403.200 governs awards for spousal maintenance and provides:

(1) In a proceeding for dissolution of marriage ... the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(b) Is unable to support himself through appropriate employment. . . .

(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:

(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently ...;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, and the physical and emotional condition of the spouse seeking maintenance; and

---

**2.** Though it seems harsh that in *Shown,* the wife benefited from the divisionary rule when she had a retirement account worth $1,800, while in this case Yolanda does not benefit at all since she has no retirement account, we are bound by the precedent set forth in *Shown* and obligated to enforce the apparent

meaning of the statutes. *Wheeler & Clevenger Oil Co. v. Washburn,* 127 S.W.3d 609, 614 (Ky.2004) ("This Court has steadfastly adhered to the plain-meaning rule unless to do so would constitute an absurd result.") (internal citation and quotation omitted).

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

■ An award of maintenance lies within the discretion of the trial court and a reviewing court will uphold the award if the trial court did not abuse its discretion or base its decision on findings of fact that are clearly erroneous. *Powell v. Powell*, 107 S.W.3d 222, 224 (Ky.2003) (citations omitted).

Here, the trial court determined that Yolanda was entitled to an award of maintenance since she lacked sufficient property to provide for her reasonable needs and was unable to support herself through appropriate employment due to her lack of job skills and education. The court found that Yolanda was thirty-eight years of age, in good health, and currently residing with a friend. The court further found that Charles had a monthly disposable income of $1,275 with which he was to meet the needs of himself and the parties' two minor children. Upon considering the factors set forth in KRS 403.200, the court determined that two and a half years of maintenance would allow Yolanda sufficient time to obtain a GED and job training. Based on our review of the record, we are unable to say the trial court's award of maintenance in this instance was an abuse of its discretion.

■ Finally, Yolanda claims that the trial court erred by considering the needs and wants of the parties' two minor children in dividing the marital property per KRS 403.190. Specifically, she argues that the trial court improperly awarded a vehicle to Charles for their children to use as transportation to school.

KRS 403.190 requires the trial court to divide marital property in just proportions after considering all relevant factors. In this case, the record shows that the trial court awarded the 1998 Pontiac Grand Prix to Yolanda and the 2008 Dodge Charger and 2003 Jeep Liberty to Charles. The trial court reasoned that the parties' two children would need the Jeep to drive to school. The Grand Prix was valued at $3,775 and no indebtedness appears to be outstanding. The value of the Dodge Charger was $18,125 and the Jeep Liberty was valued at $9,125. Charles was charged with paying the indebtedness on the vehicles awarded to him; a balance of $18,382.44 with a monthly payment of $360.44.

Yolanda maintains that she should have been awarded the Jeep, and that her need to have a reliable vehicle for her use should have been paramount to her children's need for a vehicle. She further claims that the Grand Prix has approximately a quarter million miles on the odometer and that no evidence was presented showing that the parties' children drove the Jeep to school. However, our review of the record reveals that the trial court considered all relevant factors in making its award. In addition, Yolanda has failed to cite any authority in support of her argument that the trial court's consideration of the children's transportation needs in these circumstances was an abuse of its discretion.

The order of the Wolfe Circuit Court is affirmed.

DIXON, Judge, Concurs.

STUMBO, Judge, Dissents and Files Separate Opinion.

STUMBO, Judge, dissenting:

Respectfully, I must dissent. This case represents the absurd result referred to in *Wheeler & Clevenger Oil Co. v. Washburn*, 127 S.W.3d 609, 614 (Ky.2004). The trial court and majority have ignored the only

significant asset of the marriage not exempt from consideration: Appellant's educational degrees. When the parties married, Yolanda was sixteen and had already given birth to their first child. Charles was a teacher's aide and six years her senior. His degree, teaching certificate, and Rank I status were obtained during the marriage. While a degree is not an asset to be divided, it can and should have played a larger role in the trial court's consideration. I would reverse and remand to the trial court.